State v. Watson

---

STATE OF NORTH CAROLINA v. EUGENE PHILLIP WATSON

No. 706SC642

(Filed 16 December 1970)

1. Larceny § 7— larceny of coins — sufficiency of evidence

In a prosecution charging defendant with the larceny of $40 in coins from a supermarket, the State's evidence, which included testimony by the supermarket owner that a roll of nickels found in defendant's possession was identical to the coins stolen, was sufficient to be submitted to the jury on the issue of defendant's guilt, even though the owner's positive identification of the coins on direct examination was weakened on cross-examination.

2. Criminal Law § 104— motion of nonsuit — contradictions in the State's evidence

Contradictions in the State's evidence are for the jury to resolve and do not warrant nonsuit.

APPEAL by defendant from *Copeland, Special Superior Court Judge,* July 1970 Term, HERTFORD Superior Court.

Defendant was convicted of larceny of property of the value of not more than $200.00. From judgment imposing an active prison sentence for a term of two (2) years, the defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General Charles M. Hensey and Staff Attorney Richard N. League for the State.*

*Jones, Jones and Jones by Carter W. Jones and L. Bennett Gram, Jr., for defendant appellant.*

VAUGHN, Judge.

**[1, 2]**  Defendant assigns as error the denial of his motion for nonsuit. Evidence for the State, in part, tended to show the following: Defendant formerly worked for W. M. Odom, owner and operator of the Red and White Supermarket in Ahoskie. Upon opening his store on the morning of 30 June 1970, Odom found that a glass in the rear door had been broken and the latch lifted. He found that about $40.00 in coins was missing from his cash register. Among other coins missing were rolls of quarters, dimes and nickels. At about 4:30 a.m. on 30 June 1970 defendant approached the attendant at a service station located about one-half mile from the Red and White Supermarket. He asked the attendant, Dunning, to give him paper money for some coins. Dunning did so and received one roll of dimes and two rolls of nickels, one roll of quarters and five dollars worth of loose change for which he gave defendant $24.00 in paper currency. State's Exhibit "A," a roll of nickels, was identified as being one of the rolls of coins which defendant exchanged. The witness Odom was recalled and testified that Exhibit "A" was one of the rolls of nickels which was in his store. When considered in the light most favorable to the State, the evidence was sufficient to withstand defendant's motion for nonsuit. The thrust of defendant's argument is directed at the weakness of the State's evidence in identifying the coins in the defendant's possession as being the identical coins stolen. The witness Odom, when questioned on direct examination with reference to Exhibit "A," testified, "This is the roll that was in my store." He testified that he could identify the roll "because the 70 was blotted out and there is the June 29th date on it and the 1970 is blurred." It is true that this witness' positive identification on direct examination was undoubtedly weakened on cross-examination by defendant's counsel. Contradictions in the State's evidence, however, are for the jury to resolve and do not warrant nonsuit. Only the evidence favorable to the State will be considered. 2 Strong, N. C. Index 2d, Criminal Law, § 104, pp. 649, 650.

The defendant also contends that the trial judge erroneously instructed the jury with reference to the inference arising from the possession of recently stolen goods. We disagree. The court's charge when considered in context, made it clear that the inference arising from the possession of recently stolen goods did

not apply unless the jury found from the evidence and beyond a reasonable doubt that the coins possessed by defendant were the same coins stolen from Odom's store. In the entire trial we find no error.

No error.

Judges BROCK and MORRIS concur.