STATE v. STEVE NORGGINS.

(Filed 8 March, 1939.)

**1. Criminal Law § 52b—**

In order to overrule a motion to nonsuit, the State must prove that the act charged was committed and that the person or persons charged committed the act, proof of the *corpus delicti* being just as essential as proof of the identity of the defendant.

**2. Larceny § 13—Evidence held insufficient to show that crime of larceny was committed, and nonsuit should have been granted.**

The evidence, viewed in the light most favorable to the State, tended to show that defendant's possession of the property in question was wrongful, but there was no evidence that the warehouse in which the

property was stored had been broken into, or that defendant, who was a truck driver for the company owning the property, had access to the key to the warehouse except when with other employees, and no evidence that any property had been taken from the warehouse except for delivery to purchasers. *Held:* The evidence is insufficient to show that the crime of larceny had been committed, and defendant's motion to nonsuit should have been allowed.

**3. Larceny § 5—**

There is no presumption that a person in the wrongful possession of property acquired such possession by the commission of the crime of larceny.

APPEAL by defendant from *Parker, J.,* at September Term, 1938, of WARREN. Reversed.

Criminal action in which the defendant was tried under bill of indictment which charged him with the larceny of ten cases of motor oil and four kegs of nails, the property of Alston Grocery Company.

The count in the bill charging that the defendant did receive the said property, knowing that the same had been stolen, was dismissed as of nonsuit. Upon the trial of the issue of larceny there was a verdict of guilty. From judgment pronounced thereon the defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Wettach for the State.*
*Gholson & Gholson for defendant, appellant.*

BARNHILL, J. The trial of this cause involved very largely questions of fact. The only material question of law presented to us for decision is as to whether there was sufficient evidence that the crime of larceny had been committed to justify the submission of the cause to a jury.

Evidence offered, considered in the light most favorable to the State, tends to show that the Alston Grocery Company of Warrenton is engaged in selling merchandise, including Sterling motor oil and nails, by wholesale; that the warehouse in which the oils and nails are stored and the garage in which the seven trucks used by the corporation in the delivery of merchandise are kept are under the same roof, but that a person having access to the garage does not have access to the warehouse; that the defendant was the driver of one of the seven trucks used in the delivery of merchandise; that one of the keys to the warehouse was kept at the office and the other one was kept by an employee, Pitt; that the defendant did not have access to a key or to the warehouse except when in company with another employee; that an officer of Halifax County searched the home of one Pat Baltrip of Halifax County and there found the merchandise described in the bill of indictment; and that the

defendant shortly prior thereto, some time after sundown and before midnight, carried the merchandise to the Baltrip home and requested that he be permitted to leave it in the house out of the rain.

Prior to the discovery of the merchandise none had been missed from the warehouse and, after its discovery, no check was made of the merchandise to determine whether any had been wrongfully removed. One witness made an inspection of the windows of the warehouse and found several windows unlocked and a pane of glass broken out of one of the windows which opened into the garage. The employee who had a key to the warehouse testified that the defendant had no access to the warehouse except in his presence; that the doors were kept locked; that he examined the latches on all of the windows after the goods were brought back and they were all fastened; that he examined them as soon as he heard that some goods were supposed to be missing; that the defendant did not have access to the key in the office; that he found no evidence of any fresh breaking of glass or any entrance large enough for a man to have gone in and out with cases of oil; that the windows were nailed down from the inside; that they were just as he had been seeing them for sixteen months; that he kept the windows nailed down; that sometimes they were opened to get shingles out, but that when they got through he again nailed the windows down; that he did not fasten the latches or locks and did not know whether they worked or not; that he used nails to fasten the window; that he could not look at the stock and tell that a single solitary case of oil or keg of nails had been missing; that he could not say that any merchandise had been removed from the warehouse which had not been bought and paid for by someone.

The witness, Gid Alston, identified the goods found in the Baltrip house as merchandise of the Alston Grocery Company. In the course of his testimony he referred to the merchandise as "these stolen goods." He further testified, however, that he had not checked the stock in the warehouse since the inventory was taken and that he could not swear how many cases of motor oil or kegs of nails were in the warehouse on any day in July, and that it was impossible for him to say the goods were stolen or were not paid for; that he could not testify that they had not been bought and paid for, or that they were stolen or unlawfully or wrongfully removed from the warehouse.

It is fundamental law that the proof of a charge in criminal cases involves the proof of two distinct propositions: (1) That the act itself was done, and (2) that it was done by the person or persons charged. The proof of the *corpus delicti* is just as essential as is the proof of the identity of the person committing the offense, and proof thereof is a prerequisite to a conviction. Bearing this principle of law in mind, we

are of the opinion that there is insufficient evidence of the commission of the crime of larceny to justify the submission of this cause to a jury. No one has testified that any of the merchandise of the Alston Grocery Company was stolen or wrongfully removed from its warehouse. Nor has any person testified to any facts and circumstances which would reasonably justify that conclusion. It is true that one witness referred to the merchandise as "these stolen goods." It is apparent from his subsequent explanation that he was using the term in describing the merchandise in controversy. In any event he was not stating as a fact that they were stolen, and his use of that term, under the circumstances, amounted to nothing more than a conclusion unsupported by facts.

There are facts and circumstances which would lead a reasonable mind to the conclusion that the defendant's possession of the merchandise in controversy was a wrongful possession, but this does not justify the conclusion that the merchandise was stolen. He was one of the drivers of the trucks used in the delivery of merchandise. It does not appear, either directly or inferentially, that this was not merchandise which he had received for delivery but which he had stored away elsewhere instead.

The rule that where a person is in the recent possession of stolen property, which possession is not satisfactorily explained, it is presumed that the person in possession is the person who committed the larceny, presupposes proof that the property was stolen. There is no converse rule under which it is presumed that a person who is in the wrongful possession of property acquired such possession by the commission of the crime of larceny.

The evidence offered, considered in the light most favorable to the State, fails to disclose that the crime charged in the bill of indictment has been committed. For that reason there was error in the refusal of the defendant's motion to dismiss as of nonsuit.

The judgment below is
Reversed.