STATE OF NORTH CAROLINA v. CONNIE LEE CRAWFORD

No. 7514SC444

(Filed 5 November 1975)

**Larceny § 5— possession of recently stolen property — instruction proper**
> In a prosecution for breaking and entering and larceny, evidence identifying the items in defendant's possession several hours after the breaking and entering as the items taken during the crime was sufficient to warrant an instruction to the jury on the presumption arising from the possession of recently stolen property.

APPEAL by defendant from *Canaday, Judge.* Judgment entered 14 January 1975, Superior Court, Durham County. Heard in the Court of Appeals 17 September 1975.

Defendant pled not guilty to a charge of breaking and entering Lawson's T.V. and Appliance Store and larceny therefrom.

The State's evidence tends to show that Lawson went to his business about 7:00 a.m. on 2 August 1974 and found a front glass window broken. There was blood on the window and several items were missing from the store. A fingerprint was lifted from the metal molding around the window and a fingerprint expert found eleven identical points of comparison with defendant's fingerprints.

Detective Hayes testified that he received a telephone tip from an informant about 8:00 a.m. the morning of 2 August 1974, and pursuant to that tip found defendant and a codefendant walking down the street, one carrying an amplifier, the other a radio, both covered with towels while being carried. The items were both identified by Lawson as items stolen from his store. The other stolen property was later recovered from a nearby creek.

Defendant neither testified nor offered evidence in his defense.

The jury found defendant guilty of both the breaking and entering and larceny charges. From consecutive sentences to prison, defendant appeals.

*Attorney General Edmisten by Associate Attorney Robert P. Gruber for the State.*

*John C. Wainio for defendant appellant.*

State v. Crawford

CLARK, Judge.

The defendant assigns as error the charge of the trial court on the presumption of possession of recently stolen property, contending that the property found in the possession of the defendant was not sufficiently identified as the stolen property. He relies on *State v. Foster*, 268 N.C. 480, 151 S.E. 2d 62 (1966), where the owner testified that he was unable to identify the six new Phillips 66 tires found in the possession of defendant but that they were the same brand and size as the tires stolen from his place of business. The court ruled that the evidence was not sufficient to support a verdict of guilty of the theft of the tires, but it upheld the conviction of the defendant for the misdemeanor theft of the battery charger which the owner identified as his property on the basis of a broken prong and a burn mark.

The State's evidence in this case tends to show that the amplifier and radio in possession of defendant and another several hours after the breaking and entering and theft were identified by the owner, who testified that he recognized the amplifier "from seeing it and using it so much," and that he recognized the radio as being the last one of a group that had on it a price tag in his handwriting.

It is not necessary that stolen property be unique to be identifiable. Often stolen property consists of items which are almost devoid of identifying features, such as coins and goods which are mass produced and nationally distributed under a brand name. When such items are the proceeds of a larceny, their identity as being in the possession of the accused must necessarily be drawn from other facts satisfactorily proved. 52A C.J.S., Larceny, § 95 (1968); *State v. Watson*, 10 N.C. App. 168, 177 S.E. 2d 771 (1970).

We find the identification evidence sufficient to warrant the charge on the presumption arising from the possession of recently stolen property. And we find no error in the charge on this presumption.

No error.

Judges BRITT and PARKER concur.