STATE OF NORTH CAROLINA v. LEJHOYN DEMERICK HOLLAND

No. 484A85

(Filed 18 November 1986)

1. **Robbery § 4— robbery with dangerous weapon—missing items not on defendant—insufficiency of evidence**

   In a prosecution of defendant for robbery with a dangerous weapon, the evidence was insufficient to establish that the victim possessed a watch or ring at the time of the alleged robbery, and the fact that these items were absent from the scene of the alleged robbery and never recovered thereafter was insufficient to establish proof of the crime charged.

2. **Robbery § 4— defendant as perpetrator—possession of recently stolen property—insufficiency of evidence**

   In a prosecution of defendant for robbery with a dangerous weapon, the State could not rely on the doctrine of possession of recently stolen property to prove defendant's identity as the robber where, even if the evidence were sufficient to establish that the watch belonging to the victim was stolen, the State failed to present any identifying characteristic, beyond the generic description "gold watch," to establish that the gold watch seen in the victim's possession prior to his death and the gold watch seen in defendant's possession after the victim's death were the same; there was no evidence that a television

was ever seen in defendant's possession, and the testimony of defendant's intent to steal a television could in no manner establish defendant's possession; and the general description of a class ring was insufficient for the purpose of identification of the item, nor was there evidence that defendant had possession of the ring at any time. Furthermore, defendant's theft of the watch, ring and television, committed contemporaneously with the theft of an automobile, could not be inferred by defendant's possession of the automobile, since the State's evidence raised only a suspicion that the watch, ring and television were stolen.

**3. Larceny § 7.2— felonious larceny of automobile—value—insufficiency of evidence**

   In a prosecution of defendant for felonious larceny where there was no direct evidence of a stolen car's value, evidence that the victim owned two automobiles, one of which was the stolen 1975 Chrysler Cordoba, that it was his favorite and he took especially good care of it, always keeping it parked under a shed, was insufficient to establish that the value of the car exceeded $400.

   Chief Justice BILLINGS dissenting in part.

   Justice MITCHELL joins in this dissenting opinion.

BEFORE *Rousseau, J.*, at the 20 May 1986 Criminal Session of Superior Court, ROCKINGHAM County, defendant was convicted of first degree murder, robbery with a dangerous weapon, and felonious possession of stolen property. Defendant was sentenced to a term of life imprisonment for the first degree murder conviction, a consecutive term of forty years for the robbery with a dangerous weapon conviction, and a concurrent term of ten years for the felonious possession of stolen property conviction. Defendant appeals the life sentence as of right to this Court pursuant to N.C.G.S. § 7A-27(a). This Court allowed defendant's motion to bypass the Court of Appeals as to the lesser sentences pursuant to N.C.G.S. § 7A-31(b). Heard in the Supreme Court 11 September 1986.

   *Lacy H. Thornburg, Attorney General, by Isaac T. Avery, III, Special Deputy Attorney General, for the State.*

   *Malcolm Ray Hunter, Jr., Appellate Defender, by Geoffrey C. Mangum, Assistant Appellate Defender, for defendant appellant.*

   PARKER, Justice.

   We note at the outset of our discussion that defendant has abandoned Assignments of Error Nos. 1, 4, 7, and 8 by failing to

advance any argument in his brief to support them. N.C. R. App.
P. 28(a). On the basis of his six remaining assignments of error,
defendant contends that the trial court erred by denying his mo-
tions to dismiss for insufficient evidence the charges of robbery
with a dangerous weapon and of felonious possession of stolen
property, by denying his request for special jury instructions, and
by allowing prejudicial statements to influence his sentence for
robbery with a dangerous weapon. We conclude that the convic-
tion of robbery with a dangerous weapon should be vacated, and
that the conviction of felonious possession should be reversed and
remanded to Superior Court for resentencing as a misdemeanor
because of insufficient evidence. We find no error in the jury in-
structions given by the trial court. We do not address the pro-
priety of the sentence for robbery with a dangerous weapon since
this conviction has been vacated.

The State's evidence tended to show that Virginia and Allen
Carroll found the nude body of their next-door neighbor and ten-
ant, Kenneth Hurley, the victim, lying on the floor in the bedroom
of his residence in Reidsville, N.C., at approximately 8 a.m., on
Sunday, 14 October 1984. The victim had numerous stab wounds
to his chest which caused his death late Friday, 12 October, or
early Saturday, 13 October. The Carrolls were concerned about
the victim since at approximately 1 a.m., on Saturday, 13 October,
Mr. Carroll, upon returning home from his work, observed the
victim's 1975 Chrysler Cordoba automobile parked in the victim's
driveway with the lights on and the motor running and thought
that he observed something in the back seat. Shortly thereafter,
the Cordoba backed out and rapidly departed. The Carrolls never
observed the Cordoba again and did not see the victim until their
investigation on Sunday at which time they used their passkey to
gain entrance into the victim's locked residence. The victim's
bedroom was ransacked, and although the rest of the victim's
residence was undisturbed, a Magnavox television that had
previously been located upon a bookcase in the living room was
missing and the television antenna wire lay on the floor beside
the bookcase. There was an area clear of dust on top of the
bookcase, and some ceramic figurines that had been knocked off
lay on the floor in front of the bookcase. Mr. Carroll testified that
the victim also owned a gold watch and a class ring set with a red
stone. The television, the watch, and the ring were never found.

The 1975 Chrysler Cordoba was located in Danville, Virginia, on Monday, 15 October. The defendant had possession of the Cordoba on Saturday, 13 October; Robert Thompson and Daryl Taylor each had possession of the Cordoba on Saturday and Sunday, 13 and 14 October. Neither Thompson nor Taylor was acquainted with the victim, but the defendant was acquainted with the victim and had been sexually involved with him prior to Friday, 12 October.

Defendant and Taylor were arrested and indicted for first degree murder, robbery with a dangerous weapon, and possession of a stolen vehicle. Thompson was arrested and indicted for possession of a stolen vehicle. All charges against Taylor and Thompson were dismissed by the State in return for their truthful testimony. The defendant did not testify and presented no evidence at the trial.

Defendant's motions to dismiss all charges against him and his request for special jury instructions on the application of the doctrine of recent possession were denied.

Other relevant facts are discussed in the issues which follow.

I.

[1] Defendant first contends that his motion to dismiss the charge of robbery with a dangerous weapon should have been allowed by the trial court because the State's evidence was insufficient to establish that a watch, a ring, and a television had been stolen.

On a motion to dismiss, the trial court must determine from all the evidence, taken in the light most favorable to the State, whether there is substantial evidence that the crime charged has been committed and that the accused is the person who did it. *State v. Smith*, 307 N.C. 516, 299 S.E. 2d 431 (1983). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *State v. Smith*, 300 N.C. 71, 265 S.E. 2d 164 (1980). In judging the sufficiency of the State's evidence, the trial court must consider all the evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference that might be drawn therefrom. *State v. Brown*, 310 N.C. 563, 313 S.E. 2d 585 (1984).

"It is fundamental law that the proof of a charge in criminal cases involves the proof of two distinct propositions: (1) that the act itself was done, and (2) that it was done by the person or persons charged. The proof of the corpus delicti is just as essential as is the proof of the identity of the person or persons committing the offense, and proof thereof is a prerequisite to conviction." *State v. Norggins*, 215 N.C. 220, 222, 1 S.E. 2d 533, 535 (1939).

To support a conviction of robbery with a dangerous weapon, the State must prove that the accused "having in possession or with the use or threatened use of any firearms or other dangerous weapon, implement or means, whereby the life of a person is endangered or threatened, unlawfully takes or attempts to take personal property from another." N.C.G.S. § 14-87 (1981).

The evidence tended to show that on Friday, 12 October, at 3 p.m., defendant told Daryl Taylor that he was going to North Carolina to steal a car and a television, and would kill the owner if necessary. At that time defendant knew the victim, had been sexually involved with him, and hoped to meet the victim on Friday, 12 October. Defendant's companions, Michael Cabiness and Robert Thompson, could account for defendant's whereabouts until 10:30 p.m., Friday, 12 October. Taylor and Thompson testified that the next time they saw defendant was 8 p.m., Saturday, 13 October, at which time defendant was driving the victim's Cordoba. Defendant invited Thompson and Taylor to go driving, telling them that the car was "hot," but would not be missed until Monday, 15 October.

To prevail, the State must establish by substantial evidence that the victim possessed the personal property and this property was taken from him by defendant. To support this conclusion, the State offered the evidence of Mr. Carroll who testified that the victim owned a gold watch. Frances Brown, the victim's co-worker, testified that the victim was wearing a gold watch at 5:30 p.m., on Friday, 12 October, when he delivered some pictures to her. Defendant's companion, Michael Cabiness, testified that he saw defendant wearing a gold watch on Monday, 15 October, some three days after the victim's death. The only identifying characteristic given to any description of the watch was that the watch was a gold one. No other evidence connected the watch with the victim or defendant.

As to the ring, Mr. Carroll testified that the victim owned a class ring set with a red stone. Frances Brown testified that the victim usually wore a gold class ring set with a red stone, but she could not say whether he was wearing the ring when she last saw him on Friday, 12 October. The only evidence that associated defendant with any ring was that of Robert Gray of the Rockingham County Sheriff's Department, who testified that defendant's statement to the police included a description of a gold class ring set with a red stone, bearing the words "Lansing High School, 1954," and engraved on the inside of the band with the initial "K" or "H," which defendant said he saw in the possession of Taylor after the victim's death. No ring was ever found, and no evidence was presented to clearly identify as the victim's the ring described by defendant in his statement.

Mr. Carroll testified that the victim had a television, but he was unable to say when he had last seen the television in the victim's residence. Taylor testified that on Friday, 12 October, defendant said that he intended to steal a television. No evidence exists that a television was seen in defendant's possession at any time. The State also presented evidence that when the victim's body was discovered on Sunday, 14 October, the Magnavox television that previously had been located on a bookcase in the living room was gone, and a television antenna wire lay on the floor beside the bookcase. There was an area clear of dust on the top of the bookcase, and some ceramic figurines that had been knocked off lay on the floor in front of the bookcase.

This evidence is insufficient to establish that the victim possessed the watch or the ring at the time of the alleged robbery. The fact that these items were absent from the scene of the alleged robbery and never recovered thereafter is insufficient to establish proof of the crime charged.

[2] The State next relies upon the doctrine of possession of recently stolen property to prove defendant's identity as the robber. To invoke this doctrine, the State must prove beyond a reasonable doubt each fact necessary to give rise to the inference; namely, that the property is stolen and that the stolen property was found in defendant's possession and under his control recently after the theft. *State v. Gonzalez*, 311 N.C. 80, 316 S.E. 2d 229 (1984); *State v. Voncannon*, 302 N.C. 619, 276 S.E. 2d 370 (1981).

The identity of the fruits of the crime must be established before the presumption of recent possession can apply. The presumption is not in aid of identifying or locating the stolen property, but in tracking down the thief upon its discovery.

*State v. Foster*, 268 N.C. 480, 485, 151 S.E. 2d 62, 66 (1966) (quoting *State v. Jones*, 227 N.C. 47, 49, 40 S.E. 2d 458, 460 (1946) ).

The watch listed in the indictment is a non-unique, mass-produced item distributed in national markets. Possession of a non-unique item similar or identical to a stolen item standing alone is not sufficient to establish defendant's possession of the stolen item.

The matter of non-unique items was considered in *Foster*, 268 N.C. 480, 151 S.E. 2d 62, where six new automobile tires were stolen from a service station. Six tires, identical to the ones stolen, were found in the defendant's possession shortly after the theft. This Court held that defendant's possession of like items was insufficient for the application of the recent possession doctrine because the owner could not positively identify as his own the tires which defendant possessed and was accused of stealing. Even if it were to be conceded that the tires were stolen, there was no evidence that they were stolen from the owner's service station and were the owner's property. In such cases, the State must also identify the item as stolen by reference to characteristics other than its appearance: the assemblage or combination of items recovered, the quantity of items recovered, and the stamps and marks on items recovered. *State v. Jackson*, 274 N.C. 594, 164 S.E. 2d 369 (1968); *State v. Owens*, 75 N.C. App. 513, 331 S.E. 2d 311 (1985); *State v. Hales*, 32 N.C. App. 729, 233 S.E. 2d 601 (1977); *State v. Crawford*, 27 N.C. App. 414, 219 S.E. 2d 248 (1975), *disc. rev. denied*, 288 N.C. 732, 220 S.E. 2d 621 (1975).

Even if the evidence were sufficient to establish that the watch belonging to the victim was stolen, a review of the State's evidence shows that the State has failed to present any other identifying characteristic, beyond the generic description "gold watch," to establish that the gold watch seen in the victim's possession prior to his death and the gold watch seen in defendant's possession after the victim's death was the same.

There is no evidence in the record that a television was ever seen in defendant's possession, and the testimony of defendant's intent to steal a television can in no manner establish defendant's possession.

The general description of the class ring is clearly insufficient for the purposes of identification of the item. There is no evidence that defendant had possession of the ring at any time; consequently, the State's evidence is also insufficient as to this item.

These deficiencies prevent the application of the doctrine of recent possession as to the watch, the ring, and the television for the purpose of inferring that defendant was the thief.

The State further contends that, under the doctrine of recent possession of stolen property, defendant's theft of the watch, the ring, and the television, committed contemporaneously with the theft of the Chrysler Cordoba, may be inferred by defendant's possession of the stolen automobile. The State urges that defendant's possession of the Cordoba supports the inference that defendant also stole the watch, the ring, and the television. This additional inference, which would permit the State to survive the motion to dismiss, is permissible only if evidence exists of the contemporaneous crimes. *State v. Joyner*, 301 N.C. 18, 269 S.E. 2d 125 (1980).

To conclude that defendant stole the watch, the ring, and the television because of his possession of the automobile would require the stacking of inferences on the basis of circumstantial evidence. This we believe would be impermissible.

> A basic requirement of circumstantial evidence is reasonable inference from established facts. Inference may not be based on inference.' Every inference must stand upon some clear and direct evidence and not upon some other inference or presumption.

*State v. Ledford*, 315 N.C. 599, 610, 340 S.E. 2d 309, 317 (1986) (quoting *State v. Parker*, 268 N.C. 258, 262, 150 S.E. 2d 428, 431 (1966)).

The State's evidence raises only a suspicion that the watch, the ring, and the television were stolen; consequently, the State

has failed to prove the *corpus delicti*. Defendant's motion to dismiss should have been allowed. We vacate the judgment of the defendant's conviction of armed robbery with a dangerous weapon.

## II.

**[3]** Defendant next assigns as error the denial of his motion to dismiss the felonious possession of the stolen automobile. His sole contention is that the State failed to establish that defendant's possession of the victim's Chrysler Cordoba was felonious.

The fair market value of stolen property at the time of the theft must exceed the sum of four hundred dollars for the possession to be felonious. Otherwise, the possession will constitute a misdemeanor. N.C.G.S. § 14-72 (1981).

Defendant's plea of not guilty placed every essential element of the charge in issue, including the automobile's value. *State v. Jones*, 275 N.C. 432, 168 S.E. 2d 380 (1969).

Although the State offered no direct evidence of the Cordoba's value, there is in the record evidence tending to show that the victim owned two automobiles and that the 1975 Chrysler Cordoba was his favorite one of which he took especially good care, always keeping it parked under a shed, and that a picture of this automobile was exhibited to the jury for the purpose of establishing the location of the automobile when discovered after its theft. The State contends that this evidence is sufficient to support the jury's finding that the automobile's value at the time of the theft exceeded four hundred dollars. We are not convinced and find that the substantiality of the evidence is insufficient for presentation of the issue of value to the jury. The jury may not speculate as to the value. Although the trial court properly instructed the jury as to the difference between misdemeanor and felony possession, the evidence was not such as would justify the jury in finding that the value of the Cordoba exceeded four hundred dollars.

Hence, although the verdict will not be disturbed, the judgment is vacated; and this case is remanded to the Superior Court, Rockingham County, for the pronouncement of a judgment herein as upon a verdict of guilty of misdemeanor possession of stolen property and defendant resentenced accordingly.

### III.

Defendant next assigns as error the trial court's denial of defendant's request for special jury instructions. Defendant contends that the trial court, when giving the standard instruction to the jury on possession of recently stolen property, committed reversible error in refusing to summarize the conflict between the State's evidence and defendant's evidence as to the times of possession of the Chrysler Cordoba.

Defendant has failed to comply with the North Carolina Rules of Appellate Procedure, Rule 10(b)(2). Although defendant properly indicated what he considered to be the objectionable portion of the jury instructions, defendant failed to set out the substance of the omitted instruction requested by him, and this prevents the preservation of the objection for the purposes of appeal.

We have, however, reviewed the jury instructions given by the trial court and, although the specific language of defendant's argument is not included, it does appear that the instruction, when read as a whole, presents the issue of possession by others for the jury's consideration.

In this assignment of error, we find no error.

### IV.

Defendant's last assignment of error directed to the imposition of the maximum sentence for robbery with a dangerous weapon need not be addressed in this opinion since defendant's conviction on that charge has been here vacated.

For the reasons heretofore stated, the conviction of robbery with a dangerous weapon is vacated, and the conviction of felonious possession of stolen property is reversed and remanded to the Superior Court, Rockingham County, for resentencing as a misdemeanor. We find no error in the conviction of first degree murder, and we find no error in the jury instructions given by the trial court.

No. 84CRS11512—No error.

No. 84CRS11991—Judgment vacated.

No. 84CRS10672—Judgment vacated and remanded for a new sentencing hearing.

Chief Justice BILLINGS dissenting in part.

I respectfully dissent from that portion of the majority opinion that holds that the evidence was insufficient to support the defendant's conviction for robbery of the television and watch.

The majority seems to conclude[1] that the evidence fails to establish either that the items of personal property were taken from the victim or that the defendant took the property.

Regarding the television, the evidence considered in the light favorable to the State showed that the victim had for a period of time possessed a television that sat on a shelf in his living room. Although no one testified that it was present in the room at the moment that the victim was killed, the victim's neighbors from whom he had rented the house for 19 years noticed immediately upon entering the living room on Sunday morning, 13 October 1984, that the victim's television set was "missing." The victim's bedroom had been ransacked; the dust pattern on the bookshelf in the living room indicated that the television had been recently removed; the antenna from the television was lying on the floor; and although the rest of the living room was orderly, broken ceramic figures lying in front of the book shelf suggested that they had fallen when the television was taken hurriedly. The victim's body was found in a locked house. Mrs. Carroll, the neighbor who, along with her husband, owned the house, had been home all day Saturday and was concerned because she saw neither the victim nor his car all day Saturday. These facts rebut any inference that missing items may have been taken by someone who came along after the victim was killed. I believe that the conclusion that the television was taken at the time of the murder of the victim is inescapable from the evidence.

---

1. I say "seems to conclude" because although the opinion discusses insufficient evidence of the taking of the television, the watch and the ring, the conclusion following the discussion of the evidence of possession by the victim is that "[t]his evidence is insufficient to establish that the victim possessed the watch or the ring at the time of the alleged robbery." (Slip op. at 7, 318 N.C. 602, 607, 350 S.E. 2d 56, 59.)

I reach the same conclusion regarding evidence that the victim possessed the watch at the time of his murder. All of the evidence shows that the murder occurred late Friday night or very early Saturday morning. The victim's car was seen leaving his house around 1:00 a.m. Saturday morning, being driven in a manner inconsistent with the victim's driving habits, and was never again seen at the victim's residence. Only a few hours before he was murdered, the victim was wearing his gold watch, an item that he usually wore. When his body was discovered, the watch as well as other items were missing from his house, the bedroom of which had been ransacked. Although the officers who searched the house were not looking specifically for a watch or ring, they conducted a search to determine what personal belongings were actually inside the house and did not find a television set, watch, class ring or other jewelry. It simply defies reason to find that the evidence is insufficient to justify a reasonable inference that these items were taken from the victim at the time that he was murdered.

The majority seems to say that in order for a defendant to be convicted of robbery, the State must affirmatively show possession of the items by the defendant following the robbery. I do not believe such a showing is invariably necessary.

In the case *sub judice* the evidence shows that the defendant knew the victim and was expecting the victim to pick him up on Friday night, 12 October 1984. The defendant told a friend that he was going to go to North Carolina and get a car and a television and that he would kill the owner if necessary. The next day he was in possession of the car owned by the victim, who had been murdered in his home in North Carolina. The victim's television as well as other items of personal property, including a watch that he had been seen wearing on Friday evening, were not in the victim's house. The defendant told one of his friends that the car would not be missed until Monday and that he had killed the owner. I would hold that this evidence supports a reasonable inference that the defendant not only murdered the victim, an inference that the defendant does not contest on this appeal, but also that the defendant took from the victim at the time of the murder the items which were shown to have been in his possession shortly before the murder and to be missing afterwards.

Justice MITCHELL joins in this dissenting opinion.