STATE OF NORTH CAROLINA v. JUAMANE RASHOD PARKER

No. COA00-1279

(Filed 6 November 2001)

## 1. Possession of Stolen Property— felonious—sufficiency of evidence

The trial court erred by convicting defendant for felonious possession of stolen property instead of misdemeanor possession of stolen property based on the State's failure to introduce sufficient evidence of the value of the stolen goods in defendant's possession, because: (1) although the owner of the stolen property testified that the total estimated value of all stolen items was $5,000, there is no evidence regarding the total value of the items contained in the trial court's charge; and (2) the testimony of two pawn shop employees regarding the money they loaned defendant for some of these stolen items is not sufficient evidence from which a jury could determine to any certainty the value of the VCR, cameras, and photography equipment.

## 2. Indictment and Information— amendment—obtaining property by false pretenses—nonessential variance

The trial court did not err by convicting defendant for two counts of obtaining property by false pretenses even though the State amended the indictment to change the items listed that defendant represented as his own from two cameras and photography equipment to a Magnavox VCR, because: (1) the amendment was not a substantial alteration of the charge since the description of the item or items which defendant falsely represented as his own is irrelevant to proving all essential elements of the charge; and (2) the proof required to convict defendant under the amended indictment was the same as that required by the original indictment.

Appeal by defendant from judgments entered 2 August 2000 by Judge Henry V. Barnette, Jr. in Durham County Superior Court. Heard in the Court of Appeals 9 October 2001.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General D. David Steinbock, for the State.*

*Paul M. Green for defendant-appellant.*

HUNTER, Judge.

Juamane Rashod Parker ("defendant") appeals convictions of felonious possession of stolen property and two counts of obtaining property by false pretenses. We vacate defendant's conviction for felonious possession of stolen property and remand for entry of judgment and re-sentencing on misdemeanor possession of stolen property. We find no error in defendant's convictions and sentence for obtaining property by false pretenses.

On 28 April 1999, Pamela Goodman ("Goodman") returned home from work to discover she and her husband had been robbed. Various items were stolen from the house, including VCRs and photography equipment. Goodman gave a list of stolen items to the investigating officer. Goodman estimated the total value of items stolen to be $5,000.00. The police recovered three VCRs, two cameras and a remote control that had been stolen from the Goodman house. The items were recovered from a local pawn shop.

Melinda Mitchell ("Mitchell"), a pawn shop employee, testified that she prepared a pawn ticket for defendant on 28 April 1999 in which she loaned defendant $80.00 for a Minolta camera, a Canon camera, a lens, and a flash unit and converter. Effie Hayes ("Hayes"), also a pawn shop employee, testified that she prepared a pawn ticket for defendant on 30 April 1999 in which she loaned defendant $40.00 for a Magnavox VCR. Hayes testified that she loaned defendant $40.00 based on the estimate that she could resell the VCR for $80.00.

Defendant was charged with felonious possession of stolen property and two counts of obtaining property by false pretenses, based on his pawning of the stolen goods. On 2 August 2000, a jury returned guilty verdicts on all charges. Based on his prior record level, defendant was sentenced to prison for a minimum of twenty months and a maximum of twenty-four months. Defendant appeals.

Defendant makes two arguments on appeal: (1) the evidence was insufficient to support his conviction for felonious possession of

STATE v. PARKER

[146 N.C. App. 715 (2001)]

stolen property; and (2) the indictment charging defendant with obtaining property by false pretenses was improperly amended. We address each argument in turn.

[1] Defendant first argues that the evidence was insufficient to support his conviction for felonious possession of stolen property. Specifically, defendant argues the State failed to present evidence from which the jury could conclude the value of the items stolen by defendant was over $1,000.00. We agree.

A defendant may be found guilty of felonious possession of stolen property where the State proves "(1) defendant was in possession of personal property, (2) valued at greater than [$1,000.00], (3) which has been stolen, (4) with the possessor knowing or having reasonable grounds to believe the property was stolen, and (5) with the possessor acting with dishonesty." *State v. Brantley*, 129 N.C. App. 725, 729, 501 S.E.2d 676, 679 (1998); *see also State v. Raynor*, 128 N.C. App. 244, 251, 495 S.E.2d 176, 181 (1998).

In *State v. Holland*, 318 N.C. 602, 610, 350 S.E.2d 56, 61 (1986), *overruled on other grounds, State v. Childress*, 321 N.C. 226, 362 S.E.2d 263 (1987), our Supreme Court vacated the defendant's conviction for felonious possession of stolen property where the State failed to present direct evidence of the value of the stolen vehicle. There, the State presented evidence tending to show that the vehicle was a 1975 Chrysler Cordoba; it was the owner's favorite vehicle and he took especially good care of it; and the owner always parked the vehicle under a shed. *Id.* The State also introduced a photograph of the vehicle.

The State maintained that such evidence was sufficient to establish the value of the vehicle exceeded $400.00, the statutory minimum applicable at that time. *Id.* The Supreme Court rejected the argument, stating that "the substantiality of the evidence is insufficient for presentation of the issue of value to the jury. The jury may not speculate as to the value." *Id.* It concluded that such evidence "was not such as would justify the jury in finding that the value of the Cordoba exceeded four hundred dollars." *Id.* The court therefore vacated the defendant's conviction for felonious possession of stolen property and remanded for pronouncement of a judgment of guilty of misdemeanor possession of stolen property and for re-sentencing. *Id.*

In this case, the State likewise failed to introduce sufficient evidence of the value of the stolen goods in defendant's possession. The

trial court instructed the jury that defendant's charge was based upon his possession of "a Magnavox VCR, cameras, and photography equipment." Although Goodman testified that the total estimated value of all stolen items was $5,000.00, there is simply no evidence regarding the total value of the items contained in the trial court's charge. The only evidence relating to these items was Hayes' testimony that she loaned defendant $40.00 for a Magnavox VCR based on her estimate that she could resell it for $80.00, and Mitchell's testimony that she loaned defendant $80.00 for two cameras and some photography equipment. Such evidence is not sufficient evidence from which a jury could determine to any certainty the value of the VCR, cameras, and photography equipment. The jury must not be left to speculate about the value of these items. *See Holland*, 318 N.C. at 610, 350 S.E.2d at 61. We therefore vacate defendant's conviction for felonious possession of stolen property in 99CRS011124. We remand that matter to the trial court for entry of a judgment of guilty of misdemeanor possession of stolen property, and for re-sentencing accordingly. *See id.*

[2] Defendant next argues his convictions for two counts of obtaining property by false pretenses must be vacated because the State improperly amended the indictment. The original indictment listed the items defendant represented as his own as "two (2) cameras and photography equipment." The trial court permitted the State to amend the indictment to change the items listed to a "Magnavox VCR."

"Pursuant to N.C.G.S. § 15A-923(e) (1999), a bill of indictment may not be amended in a manner which substantially alters the charge set forth." *State v. Haywood*, 144 N.C. App. 223, 228, 550 S.E.2d 38, 42, *appeal dismissed and disc. review denied*, 354 N.C. 72, 553 S.E.2d 206 (2001). In *State v. Bowen*, 139 N.C. App. 18, 27, 533 S.E.2d 248, 254 (2000), we noted that "the purpose of an indictment is to give a defendant notice of the crime for which he is being charged." Therefore, if the court finds "that the proof was in line with the indictment," an amendment does not substantially alter the charge within the meaning of N.C. Gen. Stat. § 15A-923(e). *Id.*

This Court has further noted that while the evidence must correspond to the allegations in the indictment which are essential to charge the offense, "a non-essential variance is not fatal to the charged offense." *State v. Grady*, 136 N.C. App. 394, 396, 524 S.E.2d 75, 77 (holding change in address on indictment for maintaining a

dwelling for the use of a controlled substance was not substantial alteration), *appeal dismissed and disc. review denied,* 352 N.C. 152, 544 S.E.2d 232 (2000); *see also State v. Joyce,* 104 N.C. App. 558, 573, 410 S.E.2d 516, 525 (1991) (holding change from " 'knife' " to " 'firearm' " in indictment for assault with a deadly weapon did "not alter the burden of proof or constitute a substantial change which would justify returning the indictment to the grand jury"), *cert. denied,* 331 N.C. 120, 414 S.E.2d 764 (1992).

In this case, the elements of obtaining property by false pretenses are " '(1) a false representation of a subsisting fact or a future fulfillment or event, (2) which is calculated and intended to deceive, (3) which does in fact deceive, and (4) by which one person obtains or attempts to obtain value from another.' " *State v. Hutchinson,* 139 N.C. App. 132, 138, 532 S.E.2d 569, 573 (2000) (quoting *State v. Cronin,* 299 N.C. 229, 242, 262 S.E.2d 277, 286 (1980)); *see also* N.C. Gen. Stat. § 14-100(a) (1999).

We hold that the amending of the items listed on the indictment from cameras and photography equipment to a VCR was not a substantial alteration of the charge. The description of the item or items which defendant falsely represented as his own is irrelevant to proving all essential elements of the charge. Under the amended indictment, the State was still required to prove (1) that defendant falsely represented a subsisting fact; (2) which defendant calculated and intended to deceive; (3) which did in fact deceive; and (4) by which defendant obtained value from another. The proof required to convict defendant under the amended indictment was the same as that required by the original indictment. Therefore, the amendment was a non-essential variance which did not substantially alter the charge in the original indictment. *See Bowen,* 139 N.C. App. at 27, 533 S.E.2d at 254. The amended indictment properly served its purpose of providing defendant notice of the crime being charged. Defendant's conviction must therefore stand.

No error as to 99CRS011122, 011123; judgment vacated in 99CRS011124 and remanded.

Judges GREENE and THOMAS concur.