630 S.E.2d 457 (2006)
In Matter of J.H., Juvenile.
No. COA05-981.
Court of Appeals of North Carolina.
June 6, 2006.
Attorney General Roy Cooper, by Assistant Attorney General Donna D. Smith, for the State.
Kevin P. Bradley, Durham, for juvenile-respondent.
LEVINSON, Judge.
J.H. (respondent) appeals from the trial court's adjudication and disposition order adjudging him delinquent for felonious possession of stolen property. We remand for imposition of an adjudication and disposition of misdemeanor possession of stolen property.
On 19 January 2005, the State filed a petition alleging that respondent committed the offenses of felonious larceny of an automobile and felonious possession of the same. The State presented evidence that tended to show the following: Respondent was living with his maternal grandfather (grandfather). Respondent's mother (mother) drove to grandfather's home on 6 January 2005 and then returned to her home with respondent. Later the same day, mother took respondent back to grandfather's home. Upon receiving *458 a telephone call from grandfather, mother discovered that her 2000 Ford Focus was no longer in her driveway. She testified that only she and her husband had keys to the car and that her husband had not taken it. Mother contacted the Granville County Sheriff's Department and reported that respondent and her car were missing. Acting on a tip, mother found her car in a woman's driveway in Durham, North Carolina nine days later. She used a spare key to retrieve her car and then called police. Mother was outside the Durham house when police brought respondent out of the house.
Mother testified that when she asked respondent why he left, responded stated that, "he knew he was going to fail [an upcoming] drug test." Then, when asked on direct examination if respondent said whether he had taken her car, mother stated, "he confessed." Later in her testimony, mother stated that respondent did not say anything to her either about the car or about driving her car. Mother observed one adult and four or five teenagers in the Durham house where she located respondent and her car.
Respondent did not present evidence. The trial court denied respondent's motions to dismiss based upon insufficiency of the evidence. The trial court found respondent delinquent only of felony possession of stolen goods and committed him to the Office of Juvenile Justice.
From the trial court's disposition and commitment order, respondent appeals, contending, inter alia, that the trial court erred in denying his motion to dismiss the charge of felonious possession of stolen goods because the State's evidence was not sufficient to prove either that respondent possessed the vehicle or the value of the vehicle. While there was insufficient evidence of the vehicle's value, we conclude there was substantial evidence that respondent possessed the vehicle.
In ruling on a motion to dismiss, the trial court must determine whether there is substantial evidence of each element of the offense. State v. Vines, 317 N.C. 242, 253, 345 S.E.2d 169, 175 (1986). In doing so, the trial court is to consider the evidence in the light most favorable to the State and give the State the benefit of every reasonable inference to be drawn therefrom. State v. Robbins, 309 N.C. 771, 775, 309 S.E.2d 188, 190 (1983). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Smith, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). "[I]f the State has offered substantial evidence against defendant of every essential element of the crime charged[,]" a defendant's motion to dismiss must be denied. State v. Porter, 303 N.C. 680, 685, 281 S.E.2d 377, 381 (1981).
The elements of felonious possession of stolen property are: "(1) defendant was in possession of personal property, (2) valued at greater than [$1,000.00], (3) which has been stolen, (4) with the possessor knowing or having reasonable grounds to believe the property was stolen, and (5) with the possessor acting with dishonesty." State v. Brantley, 129 N.C.App. 725, 729, 501 S.E.2d 676, 679 (1998); see also N.C. Gen.Stat. §§ 14-71.1 and 14-72(a) (2005).
"One has possession of stolen property when one has both the power and intent to control its disposition or use." In re Dulaney, 74 N.C.App. 587, 588, 328 S.E.2d 904, 906 (1985). "One who has the requisite power to control and intent to control access to and use of a vehicle or a house has also the possession of the known contents thereof." State v. Eppley, 282 N.C. 249, 254, 192 S.E.2d 441, 445 (1972).
In the instant case, there was substantial evidence that respondent possessed mother's vehicle. Respondent had access to the vehicle on the day it was taken. After respondent was returned to grandfather's house, a phone call by grandfather alerted mother that her vehicle was missing. Respondent was found nine days later inside a home in Durham, North Carolina with the vehicle parked in the home's driveway. Mother stated, "he confessed" when asked on direct examination, "Did [respondent] say if he took your car?" Taking the evidence in the light most favorable to the State, as we must, we conclude there was sufficient evidence for a rational factfinder to conclude that respondent had possession of the subject *459 vehicle. Accordingly, this assignment of error is overruled.
Respondent next contends that the State failed to present substantial evidence of the value of the vehicle to sustain a conclusion that respondent was in felonious possession of stolen goods. We agree.
Mother testified that her car was a 2000 Ford Focus. There was, however, no evidence as to its value or condition. The fact finder must not be left to speculate about the value of the item. See State v. Parker, 146 N.C.App. 715, 717, 555 S.E.2d 609, 611 (2001). Therefore, due to insufficient evidence of the value of the vehicle, the adjudication and disposition for felonious possession of stolen goods must be reversed and the trial court directed to enter an order adjudging the juvenile delinquent for misdemeanor possession of stolen goods. See, e.g., State v. King, 42 N.C.App. 210, 214, 256 S.E.2d 247, 249 (1979) (vacating the judgment on felony and remanding for the entry of judgment on misdemeanor unlawful possession).
We have evaluated defendant's remaining assignment of error and conclude it is without merit.
Reversed in part and remanded.
Judge ELMORE concurs.
Judge WYNN dissents.
WYNN, Judge, dissenting.
While I agree with the majority that the State failed to present sufficient evidence of the value of the vehicle, after thoroughly reviewing the record I find no substantial evidence that Juvenile possessed the vehicle; therefore, the adjudication and disposition must be reversed. Accordingly, I respectfully dissent.
To convict a defendant of felonious possession of stolen property, the State must present substantial evidence of the following elements: "(i) possession of personal property; (ii) valued at greater than $1,000; (iii) which has been stolen; (iv) the possessor knowing or having reasonable grounds to believe that the property is stolen; and (v) the possessor acts with a dishonest purpose." State v. King, 158 N.C.App. 60, 66, 580 S.E.2d 89, 94, disc. review denied, 357 N.C. 509, 588 S.E.2d 376 (2003); see also N.C. Gen.Stat. § 14-71.1 (2005). "If substantial evidence exists to support each essential element of the crime charged and that defendant was the perpetrator, it is proper for the trial court to deny the motion." State v. Morgan, 359 N.C. 131, 161, 604 S.E.2d 886, 904 (2004) (citing State v. Malloy, 309 N.C. 176, 178, 305 S.E.2d 718, 720 (1983)). However, if the evidence "`is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator, the motion to dismiss must be allowed.'" State v. Golphin, 352 N.C. 364, 458, 533 S.E.2d 168, 229-30 (2000) (quoting Malloy, 309 N.C. at 179, 305 S.E.2d at 720).
In this case, Juvenile argues, and I agree, that the State failed to show substantial evidence that he possessed the vehicle. "One has possession of stolen property when one has both the power and intent to control its disposition or use." In re Dulaney, 74 N.C.App. 587, 588, 328 S.E.2d 904, 906 (1985).
In State v. Lofton, 66 N.C.App. 79, 83, 310 S.E.2d 633, 636 (1984), the defendant was found to be in "possession" of a stolen vehicle when he had a key which he used to unlock the vehicle's trunk, clothes, checkbook, and loan agreement in the vehicle, although he was never seen driving the vehicle. This Court held that was substantial evidence that the defendant was in control and possession of the vehicle. Id. at 84, 310 S.E.2d at 636.
Unlike in Lofton, here, the only circumstantial evidence presented by the State was that: Juvenile was a passenger in the vehicle, driven by his mother, the day it was stolen. Juvenile was found inside a house, along with four or five other people, and the vehicle was in the driveway. The State presented no evidence that Juvenile was seen driving the vehicle, had keys to the vehicle, or had personal property in the vehicle. Nor was he alone in the house where the vehicle was found.
Accordingly, as the State failed to present substantial evidence that Juvenile was in possession *460 of the vehicle, the trial court erred in denying his motion to dismiss.