STATE v. DAVIS

[198 N.C. App. 146 (2009)]

STATE OF NORTH CAROLINA v. LEVALL DERAYLE DAVIS

No. COA08-1405

(Filed 7 July 2009)

**1. Appeal and Error— preservation of issues—failure to renew motion of dismiss**

The issue of whether defendant's motion to dismiss for insufficient evidence should have been granted was not properly preserved for appeal where the transcript does not reflect a renewed motion at the close of the evidence, the record includes an affidavit from defendant's attorney that the motion was made at an unrecorded bench conference, but the record did not contain the trial court's ruling. Nevertheless, the issue was considered pursuant to Rule 2 because trial counsel did renew the motion, and if the State did not produce sufficient evidence to support its case, then defendant would be imprisoned for a crime the State did not prove beyond a reasonable doubt.

**2. Possession of Stolen Property— value of· property—portion of DVD system**

The trial court did not err by denying defendant's motion to dismiss a charge of felonious possession of stolen property for insufficient evidence where the issue was whether the stolen DVD player met the $1,000 threshold, there was evidence that the unit sold for over $1,300 new, it was in substantially the same condition as when purchased, and, although only part of the system was stolen, the jury could have reasonably concluded that the value of the player deck defendant possessed was worth over $1,000.

Appeal by defendant from judgment entered 1 August 2008 by Judge Thomas D. Haigwood in Halifax County Superior Court. Heard in the Court of Appeals 22 April 2009.

*Attorney General Roy Cooper, by Assistant Attorney General Lotta A. Crabtree, for the State.*

*Gilda C. Rodriguez for defendant.*

ELMORE, Judge.

Levall Derayle Davis (defendant) was convicted by a jury of felonious possession of stolen goods for possessing a DVD player belong-

STATE v. DAVIS

[198 N.C. App. 146 (2009)]

ing to Mr. Kevin Davis (Kevin). He was sentenced to six to eight months in the custody of the Department of Corrections. Defendant appeals his conviction. For the reasons stated below, we hold that defendant received a trial free from error.

## FACTS

On the morning of 18 July 2007, Kevin finished his shift at the KapStone Paper Mill in Roanoke Rapids and returned to his car, where he found his driver side window broken and his Panasonic "motorized, flipout, touchscreen unit [with] DVD capabilities" missing from the "main dash." Kevin inspected his vehicle for other damage, called 911 to report the incident, gave his statement to the responding officer, and then drove home.

At home, Kevin explained to his wife, Angelica, what had happened to his car and the DVD player. Angelica suspected that someone would bring the DVD player deck to Supreme Audio/Video, the only Panasonic dealer in the Roanoke Rapids area and the dealer from which she and Kevin had purchased the DVD player, for repair. She phoned Mr. Devino Putney, Supreme Audio/Video's manager, and asked him to "keep his eye out" for the missing player.

Kevin originally purchased the DVD player from Supreme Audio/Video for approximately $1,300.00. The player was actually part of a two-component system: A separate control module, or "brain," processes the sound and picture information received from the in-dash player. According to Kevin, "[t]he [player] deck is actually useless without the control module," and can produce no sound or picture without its brain. At trial, Putney testified that the DVD player's brain is typically installed under or behind a vehicle's seats, and that without the brain, the player deck cannot function. Similarly, "[t]here is pretty much nothing you can do with a brain unless you have an exact model [of player deck] that matches the brain." Putney also testified that Supreme Audio/Video sells that model for "around $1,300 or $1,400." Kevin identified State's Exhibit 1 as "the deck part of the . . . DVD player that was stolen out of my car," in substantially the same condition as it was when Kevin bought it, but testified that the brain was not taken from under the passenger seat.

Several days after 18 July 2007, Angelica was notified that someone had brought a Panasonic DVD player deck matching the description she had given to Supreme Audio/Video for repair. Detective Jeffrey Wayne Baggett of the Roanoke Rapids Police Department tes-

tified that he received a call from Angelica that her missing "stereo" had been brought to Supreme Audio/Video. Detective Baggett met Angelica at Supreme Audio/Video, where Detective Baggett identified Levall Davis as a possible suspect based on the name and cell phone number left with Supreme Audio/Video as contact information for the repair job. Detective Baggett also confirmed that the DVD player was the property of Kevin and Angelica by matching its serial number to the player's original packaging, produced by Angelica.

Detective Baggett prepared a photo line-up, from which Putney identified defendant as the man who brought the DVD player to Supreme Audio/Video for repair. Baggett called the phone number left at Supreme Audio/Video, but could not verify that the person who answered was defendant. However, on 5 September 2007, defendant went to the police station, gave a statement regarding the DVD player, and signed a Miranda waiver form. At trial, Putney confirmed that defendant was the man who brought the DVD player to Supreme Audio/Video to be repaired, and that State's Exhibit 1 was the DVD player that defendant had brought to the shop. On his own behalf, defendant testified that he had purchased the DVD player for $100.00 from an unidentified man outside of a store in Weldon, but that defendant did not believe that he was purchasing a stolen DVD player. Defendant believed that the DVD player was worth $300.00.

Following the close of the State's evidence, defense counsel moved to dismiss on the grounds that there was "not evidence before the [c]ourt that [would] sustain the charges when looked at in the light most favorable to the State . . . ." The trial court denied that motion. There is no renewed motion to dismiss following the close of all evidence recorded in the transcript. However, defense counsel signed an affidavit certifying that he made such a motion in an un-transcribed bench conference at the close of all evidence. The jury found defendant guilty of felonious possession of stolen goods and the trial court imposed a sentence of a minimum term of six months and a maximum term of eight months in prison. Defendant appeals.

## ARGUMENTS

### I. Issue Not Properly Preserved for Appeal

[1] Defendant argues that the trial court erred by denying defendant's motion to dismiss for insufficient evidence the charge of felonious possession of stolen property. We first address the State's contention that defendant's assignment of error should be overruled because this issue was not preserved for appeal.

North Carolina Rule of Appellate Procedure 10(b)(3) gives specific instructions for preserving questions involving sufficiency of the evidence:

> A defendant in a criminal case may not assign as error the insufficiency of the evidence to prove the crime charged unless he moves to dismiss the action . . . at trial. If a defendant makes such a motion . . . [and] then introduces evidence, his motion for dismissal . . . made at the close of State's evidence is waived. Such a waiver precludes the defendant from urging the denial of such motion as a ground for appeal.

> A defendant may make a motion to dismiss the action . . . at the conclusion of all the evidence, irrespective of whether he made an earlier such motion. . . . However, if a defendant fails to move to dismiss the action . . . at the close of all the evidence, he may not challenge on appeal the sufficiency of the evidence to prove the crime charged.

N.C.R. App. P. 10(b)(3) (2008). Rule 10(b)(1) further requires that the complaining party "obtain a ruling upon the . . . motion" in order to preserve the issue for appeal. N.C. R. App. P. 10(b)(1) (2008).

Rule 10(b) "is not simply a technical rule of procedure" and "a party's failure to properly preserve an issue for appellate review ordinarily justifies the appellate court's refusal to consider the issue on appeal." *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 195-96, 657 S.E.2d 361, 363-64 (2008) (quotations and citations omitted). Nevertheless, this Court's "imperative to correct fundamental error . . . may necessitate appellate review of the merits despite the occurrence of default." *Id.* at 196, 657 S.E.2d at 364. Our Supreme Court elaborated upon our discretion to review for error issues not properly preserved for appeal:

> Rule 2 permits the appellate courts to excuse a party's default . . . when necessary to prevent manifest injustice to a party . . . . Rule 2, however, must be invoked cautiously, and we reaffirm . . . the exceptional circumstances which allow the appellate courts to take this extraordinary step.

*Id.* at 196, 657 S.E.2d at 364 (quotations and citations omitted). Accordingly, we have invoked Rule 2 to review the merits of an appeal where the defendant failed to renew his motion to dismiss for insufficient evidence, in violation of N.C.R. App. P. 10(b)(3). *See, e.g.*,

*State v. Batchelor*, 190 N.C. App. 369, 378, 660 S.E.2d 158, 164 (2008) ("If we do not review the issue of the sufficiency of the evidence in the present case, [the d]efendant would remain imprisoned for a crime that the State did not prove beyond a reasonable doubt. Such a result would be manifestly unjust and we are therefore compelled to invoke Rule 2[.]"); *State v. Denny*, 179 N.C. App. 822, 824, 635 S.E.2d 438, 440 (2006), *aff'd in part and rev'd in part on other grounds*, 361 N.C. 662, 652 S.E.2d 212 (2007).

In this case, although defendant's motion to dismiss at the close of State's evidence appears in the record, the transcript does not reflect that defendant's trial counsel renewed his motion to dismiss at the close of all evidence, as required by Rule 10(b)(3). The record on appeal, as approved by the State, contains an affidavit from defendant's trial counsel that a renewed motion to dismiss was made during an unrecorded bench conference at the close of all evidence, but does not contain the trial court's ruling on the renewed motion to dismiss, as required by Rule 10(b)(1). Accordingly, this issue was not properly preserved for appellate review.

Nevertheless, we examine the circumstances surrounding the case at hand to determine whether defendant's appeal merits substantive review. *See Dogwood*, 362 N.C. at 196, 657 S.E.2d at 364. Although he did not preserve the court's ruling on defendant's renewed motion to dismiss, trial counsel did renew defendant's motion at the close of all evidence as required by Rule 10(b)(3). Moreover, if the State did not produce sufficient evidence to support its case against defendant, then defendant "would remain imprisoned for a crime that the State did not prove beyond a reasonable doubt." *Batchelor*, 190 N.C. App. at ——, 660 S.E.2d at 164. Considering these circumstances, to dismiss defendant's appeal would work "manifest injustice," and we therefore invoke Rule 2 to reach its merits.

## II. Motion to Dismiss

[2] Defendant argues that the trial court should have granted his motion to dismiss because the State's evidence was insufficient to support his conviction for felonious possession of stolen goods. We disagree.

Our Supreme Court set forth the standard for when a trial court should properly deny a motion to dismiss for insufficient evidence:

[T]he trial court must determine only whether there is substantial evidence of each essential element of the offense charged and of

the defendant being the perpetrator of the offense. . . . Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. In ruling on a motion to dismiss, the trial court must examine the evidence in the light most favorable to the State, and the State is entitled to every reasonable inference and intendment that can be drawn therefrom. Any contradictions or discrepancies in the evidence are for the jury to resolve and do not warrant dismissal.

*State v. Olson*, 330 N.C. 557, 564, 411 S.E.2d 592, 595 (1992) (citations omitted). Under this standard, we affirm the denial of a motion to dismiss for insufficient evidence "[i]f the record discloses substantial evidence of each essential element constituting the offense for which the accused was tried . . . ." *State v. Alford*, 329 N.C. 755, 759-60, 407 S.E.2d 519, 522 (1991) (citations omitted).

A defendant may be found guilty of felonious possession of stolen property where the State proves (1) defendant was in possession of personal property, (2) valued at greater than $1,000.00, (3) which has been stolen, (4) with the possessor knowing or having reasonable grounds to believe the property was stolen, and (5) with the possessor acting with dishonesty.

*State v. Parker*, 146 N.C. App. 715, 717, 555 S.E.2d 609, 610 (2001) (quotations, citations, and alteration omitted); *see also* N.C. Gen. Stat. §§ 14-71.1, 14-72(a) (2007). Here, defendant contends that the State failed to present substantial evidence to establish the $1,000.00 value element of felonious possession of stolen property, but does not challenge the State's evidence of the other elements of the crime. Thus, we examine only whether the State's evidence, viewed in the light most favorable to the State, could support the conclusion that the stolen property defendant possessed was valued at greater than $1,000.00. *See Alford*, 329 N.C. at 759-60, 407 S.E.2d at 522.

"The fair market value of stolen property at the time of the theft must exceed the sum of [$1,000.00] for the possession to be felonious." *State v. Holland*, 318 N.C. 602, 610, 350 S.E.2d 56, 61 (1986), *overruled on other grounds, State v. Childress*, 321 N.C. 226, 362 S.E.2d 263 (1987). Stolen property's fair market value is the item's "reasonable selling price[] at the time and place of the theft, and in the condition in which it was when [stolen]." *State v. Dees*, 14 N.C. App. 110, 112, 187 S.E.2d 433, 435 (1972) (quotations and citation omitted). The State is not required to produce "direct evidence of . . . value" to support the conclusion that the stolen property was worth

over $1,000.00, provided that the jury is not left to "speculate as to the value" of the item. *Holland,* 318 N.C. at 610, 350 S.E.2d at 61.

In the present case, the State's evidence tended to show that defendant possessed a Panasonic DVD player that was stolen from Kevin's vehicle; that Kevin had purchased the DVD player for over $1,300.00; and that the DVD player in defendant's possession was in substantially the same condition as when Kevin purchased it. (T pp. 26, 72, 74, 80.) Furthermore, Putney confirmed that Supreme Audio/Video, the only Panasonic dealer around Roanoke Rapids, currently sells the same DVD player system for over $1,300.00. Viewed in the light most favorable to the State, the "reasonable selling price" of the Panasonic DVD player—in Roanoke Rapids, at the time it was stolen from Kevin's vehicle, and in like-new condition—was over $1,300.00. *Dees,* 14 N.C. App. at 112, 187 S.E.2d at 435. Therefore, the State's evidence was sufficient to satisfy the $1,000.00 fair market value statutory minimum and to support a felonious possession of stolen goods conviction.

Defendant contends, however, that the State's evidence does not show that the DVD player was worth over $1,000.00 because the player deck defendant possessed was not functional without its brain, which remained in Kevin's vehicle. This argument fails. The State did not have to prove that a DVD player without its brain was worth over $1,000.00, as long as the State provided some evidentiary basis that placed the jury's determination of its value beyond "speculat[ion]." *Holland,* 318 N.C. at 610, 350 S.E.2d at 61. Here, the jury could have reasonably concluded that the value of the DVD player deck defendant possessed was worth over $1,000.00 based on Putney's testimony that the entire system retails in his store for over $1,300.00.

Defendant's argument that the State produced no direct evidence of the value of a non-functional DVD player misinterprets *Holland,* 318 N.C. at 610, 350 S.E.2d at 61, and this Court's holdings in *In re J.H.,* 177 N.C. App. 776, 778-79, 630 S.E.2d 457, 459 (2006), and *Parker,* 146 N.C. App. at 717-18, 555 S.E.2d at 611. In those cases, the State produced no evidence at all of the value of the stolen property. *Holland,* 318 N.C. at 610, 350 S.E.2d at 61 (holding that "evidence tending to show that the victim owned two automobiles and that the 1975 Chrysler Cordoba was his favorite one of which he took especially good care, always keeping it parked under a shed" was not evidence of the Cordoba's value); *In re J.H.,* 177 N.C. App. at 778, 630 S.E.2d at 459 ("There was, however, no evidence as to [the property's]

STATE v. DAVIS

[198 N.C. App. 146 (2009)]

value or condition."); *Parker*, 146 N.C. App. at 718, 555 S.E.2d at 611 ("[T]here is simply no evidence regarding the total value of the items contained in the trial court's charge.").

In this case, both Kevin and Putney testified that the DVD player system had a retail value of over $1,300.00, and Kevin testified that the player was still in like-new condition after it was stolen. The issue of whether the DVD player as defendant possessed it, without its critical brain module, was nonetheless worth more than $1,000.00 was properly before the jury for resolution. *See Olson*, 330 N.C. at 564, 411 S.E.2d at 595 ("Any contradictions or discrepancies in the evidence are for the jury to resolve and do not warrant dismissal.") (citation omitted).

Viewed in the light most favorable to the State, the State's evidence did not, as defendant argues, "confirm[] the worthless value of the DVD player" without its control module. Rather, the jury could have reasonably concluded that the DVD player was worth $1,300.00 and was merely missing a necessary component, similar to a car missing its engine or a watch missing its batteries. Thus, the jury did not "speculate as to the value" of the DVD player, but merely reached a different conclusion than that advanced by defendant. *Holland*, 318 N.C. at 610, 350 S.E.2d at 61. We therefore hold that the trial court did not err in denying defendant's motion to dismiss for insufficient evidence.

## III. Ineffective Assistance of Counsel

Defendant also raises an ineffective assistance of counsel claim based upon trial counsel's failure to move to dismiss in open court, thereby failing to record the motion and ruling to preserve the issue for appeal. Because we exercise our discretion to review the merits of defendant's appeal pursuant to Rule 2, we do not address defendant's ineffective assistance of counsel claim.

We hold that defendant received a trial free from error.

No error.

Judges STROUD and ERVIN concur.