STATE OF NORTH CAROLINA v. ROY McNEIL MYERS

No. 738SC537

(Filed 29 August 1973)

**Criminal Law §§ 23, 171; Larceny § 9; Receiving Stolen Goods § 7— guilty pleas to larceny and receiving — error cured by sentence**

Although the trial court erred in accepting defendant's pleas of guilty to inconsistent counts in an indictment charging larceny of and receiving the same property, and the trial court incorrectly informed defendant that he could be sentenced for as much as 30 years upon his plea of guilty to the indictment charging him with breaking and entering, larceny and receiving, defendant was not prejudiced thereby

where defendant received only one sentence which was less than the maximum he could have received on any one of the counts in the indictment.

ON *certiorari* to review judgment of *Martin (Perry), J.,* entered at the 15 January 1973 Session of WAYNE Superior Court.

Defendant was tried on a bill of indictment containing three counts. The first count charged him with felonious breaking and entering. The second count charged him with felonious larceny after breaking and entering. The third count charged him with the felony of receiving stolen merchandise. The defendant entered a plea of guilty to all charges; and after being examined as to his plea, there was a proper adjudication that the plea of guilty was entered freely, understandingly and voluntarily without undue influence, compulsion or duress and without any promise of leniency. Thereafter judgment was entered to the effect that the defendant be imprisoned for a term of not less than five nor more than seven years.

From this judgment the defendant noted an appeal but failed to perfect the appeal in apt time and filed a petition for a writ of certiorari in lieu of an appeal. This Court granted the writ.

*Attorney General Robert Morgan by Assistant Attorney General Claude W. Harris for the State.*

*Langston and Langston by W. Dortch Langston, Jr., for defendant appellant.*

CAMPBELL, Judge.

The defendant contends that the count in the bill of indictment charging felonious larceny, which was the second count, and the third count in the bill of indictment charging receiving stolen property, are inconsistent counts and the defendant could not properly plead guilty to both of them. *In re Powell,* 241 N.C. 288, 84 S.E. 2d 906 (1954). This position is well taken, and we do not commend the careless manner in which this case was presented. The solicitor should have dismissed the third count when he learned that the defendant was actually guilty of the first count of breaking and entering and the second count of felonious larceny. The solicitor failed to do this, and the trial judge treated the bill of indictment as though three separate

felonies were charged; and, in fact, he informed the defendant that he could be sentenced for as much as thirty years. Despite the manner in which the case was handled at the trial level, nevertheless, we do not think that on this record the defendant has shown any prejudice. The record reveals that the defendant was clearly guilty of the felony of breaking and entering and of the felony of larceny and that he was pleading guilty to those two felonies for which he could have received a sentence of ten years on each one or a total of twenty years. The defendant was in no way misled. He was incorrectly informed by the trial judge that he could receive a maximum of thirty years, but he actually received a sentence of five to seven years which was considerably less than the maximum on any one of the counts charged in the bill of indictment. The case is controlled by *State v. Meshaw*, 246 N.C. 205, 98 S.E. 2d 13 (1957). Also see *State v. Turner*, 8 N.C. App. 541, 174 S.E. 2d 863 (1970).

In the absence of any prejudicial error we find

No error.

Judges HEDRICK and VAUGHN concur.