STATE OF NORTH CAROLINA v. LOUIS L. McCAMBRIDGE, JR.

No. 7420SC575

(Filed 16 October 1974)

1. Larceny § 7— felonious larceny of copper wire — sufficiency of evidence of value

    The State's evidence sufficiently established the value of wire allegedly stolen by defendant as exceeding $200 where such evidence consisted of testimony that more than 1200 pounds of wire were stolen and the cost of the wire was $1.65 per pound at the time it was bought.

2. Larceny § 8— felonious larceny of copper wire — instructions on value

    In a prosecution for felonious larceny of copper wire, the trial court did not err in instructing the jury that the market value of

the wire *in question* was $1.65 per pound, since the testimony of the manager of the company which sustained the loss concerned value of the reels of wire which were stolen and not copper wire in general.

**3. Larceny § 8— instructions taken as a whole**

Trial court's instruction in a felonious larceny case, "if two or more persons act together with a common purpose, to commit larceny in this case, each of them is held responsible for the acts of the other done in commission of that crime," did not prejudice defendant when read as a whole.

APPEAL by defendant from *Winner, Judge,* 15 January 1974, Special Criminal Session, STANLY Superior Court. Argued in the Court of Appeals 4 September 1974.

Defendant was tried and convicted for the felonious larceny of copper wire having a value of more than $200.00 and owned by his employer Federal Pacific Electric Company (hereinafter referred to as Company). A former co-worker of defendant testified that he and defendant took the wire on 13 September 1973, and defendant testified denying any participation in the larceny.

*Attorney General Carson, by Deputy Attorney General R. Bruce White, and Assistant Attorney General Guy A. Hamlin, for the State.*

*Henry C. Doby, Jr., for defendant appellant.*

MARTIN, Judge.

Defendant has brought and argued in his brief only five exceptions. Other exceptions in the record not set out in appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned. Rule 28 of the "Rules of Practice in the Court of Appeals."

[1]  Three exceptions form the basis of the first assignment of error in which defendant argues the case should have been dismissed because the State's evidence fails to establish the value of the wire as exceeding $200.00. The manager of the Company gave the following testimony:

"A. There were six reels of two hundred and twenty-five pound average, better than twelve hundred pounds. . . .

Q. How much does your firm pay per pound for this copper?

A. A dollar sixty-five per pound.

Q. Is that the going fair market price of copper?

A. That is in the condition it was brought in. It's a copper braid, and it's very expensive."

Value as used in G.S. 14-72 means fair market value. *State v. Cotten,* 2 N.C. App. 305, 163 S.E. 2d 100 (1968) ; *State v. Cook,* 263 N.C. 730, 140 S.E. 2d 305 (1965). "It is not necessary that a witness be an expert in order to give his opinion as to value." *State v. Cotten, supra,* at page 311. Defendant contends the language "How much does your firm pay per pound for this copper?" suggests value at the time of the trial and not at the time of the taking. The manager's testimony is in reference to the six reels of wire stolen and he states "That is in the condition it was brought in." Defendant did not introduce evidence of the wire's value. We find no merit to his argument.

[2]   Defendant also argues that the court erred in charging the jury that the market value of the wire *in question* was a dollar sixty-five per pound since there was no testimony as to the market value of the particular wire alleged stolen. The manager's testimony concerning value was in reference to the "six reels of two hundred and twenty-five pound average" which were stolen and not copper wire in general. This assignment of error is overruled.

[3]   As his last assignment of error, the defendant contends that the trial court erred in charging:

"For a person to be guilty of a crime it is not necessary that he, himself, do all of the action necessary to constitute the crime. If two or more persons act together with a common purpose, to commit larceny in this case, each of them is held responsible for the acts of the other done in commission of that crime."

Defendant contends that the words "to commit larceny in this case" amounted to an assertion by the trial judge that a larceny had been committed. The charge of the court must be read as a whole, and a disconnected portion may not be detached from the context of the charge and then critically examined for an interpretation from which erroneous expressions may be inferred. *State v. Bailey,* 280 N.C. 264, 185 S.E. 2d 683 (1972), *cert. denied,* 409 U.S. 948 (1972). In light of the whole charge we fail to discern any way in which defendant has been prejudiced thereby.

No error.

Chief Judge BROCK and Judge MORRIS concur.