State v. Shaw

No. 756SC183

(Filed 4 June 1975)

1. **Receiving Stolen Goods § 5; Larceny § 6— value of stolen goods — purchase price — relevancy — appraisal**

    The State's evidence was insufficient to support a verdict that defendant received stolen goods (a watch and diamond ring) having

State v. Shaw

a value in excess of $200.00 where the owner testified that the watch was worth about $50.00 and that her husband paid $200.00 for the ring nine years before and a jeweler testified that he appraised the ring at $85.00 since (1) the owner's testimony as to the price her husband paid for the ring nine years before was irrelevant in determining its market value at the time of the theft absent some evidence regarding the condition of the ring and the circumstances of its purchase and (2) any probative force of the owner's testimony was negated by the positive evidence of the jeweler that he appraised the ring at $85.00.

2. **Receiving Stolen Goods § 7— insufficient evidence of felony — verdict treated as misdemeanor receiving**

   Where the evidence was insufficient to support a jury finding that the value of stolen property was in excess of $200.00, a jury verdict finding defendant guilty of feloniously receiving the stolen property must be treated as a verdict finding defendant guilty of misdemeanor receiving.

APPEAL by defendant from *Copeland, Judge.* Judgment entered 12 December 1974 in Superior Court, HALIFAX County. Heard in the Court of Appeals 13 May 1975.

This is a criminal prosecution wherein the defendant, Jerry Ray Shaw, was charged in a bill of indictment, proper in form, with feloniously receiving a rifle, a man's white gold wristwatch, and a "1/5 of a carat diamond ring with white gold band the personal property of Tiny Wages having a value of in excess of two hundred dollars . . . " knowing the same to have been stolen.

Upon the defendant's plea of not guilty, the State offered evidence tending to show the following: On 16 July 1974 Rufus Hobbs went to the home of Mrs. Tiny Wages in Roanoke Rapids to mow the lawn. Mrs. Wages left home and Hobbs entered the house. He stole a rifle, a man's wristwatch, and a diamond ring. Immediately thereafter Hobbs took the ring and watch to the home of the defendant and asked him if he wanted to buy "some stolen stuff". The defendant purchased the watch and the ring for $5.00 each.

With respect to the value of the watch and ring, Mrs. Wages testified "that the watch was in working order and worth about $50.00; and that she had worn the ring for nine years and that her husband had paid $200.00 for it."

The State offered the testimony of Elmo Garner, a jeweler in Roanoke Rapids, who stated that the defendant brought the

ring to his store to be appraised on 17 July 1974. The jeweler recognized the ring and called the police. Mr. Garner testified with respect to the value of the ring that "the ring was used and that he appraised it at $85.00."

Defendant offered no evidence.

The jury returned a verdict of "guilty of receiving stolen property with a value of more than $200.00 knowing the same to have been stolen." From a judgment imposing a prison sentence of not less than seven nor more than ten years, defendant appealed.

*Attorney General Rufus L. Edmisten by Assistant Attorney General Conrad O. Pearson for the State.*

*H. P. McCoy, Jr., for defendant appellant.*

HEDRICK, Judge.

Based on numerous exceptions in the record to questions asked and remarks made by the trial judge, the defendant contends the trial court expressed an opinion on the evidence in violation of G.S. 1-180. Suffice it to say, we have carefully examined each exception upon which these assignments of error are based and find no impropriety whatsoever by the questions asked or remarks made by the trial judge. These assignments of error have no merit.

Next, defendant contends the evidence was not sufficient as to the value of the items allegedly received by the defendant to support the verdict of feloniously receiving stolen goods having a value of more than $200.00. There is no evidence in the record that the defendant received the rifle described in the bill of indictment. The State prosecuted the defendant solely on the theory that he received stolen goods (the ring and watch) having a total value in excess of $200.00. The only evidence in the record as to the value of the property in question is as follows: With respect to the watch and ring, Mrs. Wages testified that the watch was "worth about $50.00" and "that her husband had paid $200.00" for the ring. Mr. Elmo Garner, the jeweler, testified that the ring "was used and that he appraised it at $85.00". Considering the testimony of Mrs. Wages as to the value of the watch and Mr. Garner as to the value of the ring in the light most favorable to the State, the evidence is sufficient to support a finding by the jury that the stolen articles at the

time of the theft had a fair market value of $135.00. *State v. McCambridge,* 23 N.C. App. 334, 208 S.E. 2d 880 (1974); *State v. Dees,* 14 N.C. App. 110, 187 S.E. 2d 433 (1972). It remains for us to determine, however, whether the testimony of Mrs. Wages that her husband paid $200.00 for the ring nine years before the theft is of sufficient probative value to support a finding by the jury that the combined value of the watch and the ring at the time of theft was in excess of $200.00.

As used in G.S. 14-72(a) for determining whether the crime is a felony or a misdemeanor, the word "value" means the fair market value of the stolen item at the time of the theft. *State v. Dees, supra; State v. Cotten,* 2 N.C. App. 305, 163 S.E. 2d 100 (1968).

> "[I]n the case of common articles having a market value, the courts have usually rejected the original cost and any special value to the owner personally as standards of value for purposes of graduation of the offense, and have declared the proper criterion to be the price which the subject of the larceny would bring in open market—its 'market value' or its 'reasonable selling price', at the time and place of the theft, and in the condition in which it was when the thief commenced the acts culminating in the larceny . . . . It has been ruled that the actual value of the thing wrongfully appropriated, rather than the intention of the taker with respect to value, determines the grade of larceny." 50 Am. Jur. 2d, Larceny, § 45, pp. 209-211 (1970) (footnotes omitted).

The rules which are used to establish value in civil cases have been held applicable in determining the value of stolen property in criminal actions. 50 Am. Jur. 2d, supra; 52A C.J.S., Larceny, § 118 (1968). In land condemnation proceedings, whether the price paid for the property has any probative force in determining value is dependent upon the similarity of conditions at the time of purchase and at the time of the acquisition. *Redevelopment Commission v. Hinkle,* 260 N.C. 423, 132 S.E. 2d 761 (1963). In larceny cases, it has even been held that a verdict finding a defendant guilty of a felony, supported only by the testimony of the owner as to what he paid for the stolen property when new, could not be sustained when contradicted by the testimony of a qualifed merchant as to its market value. 52A C.J.S., Larceny, § 133 (1968).

"A verdict or finding as to value may be based on evidence of the price which the owner had paid for stolen property shortly before its theft, or which had been received since the theft for it, or for property of the same kind, or which accused had refused to take for it; but on the other hand it has been held that a conviction of grand larceny or a felony cannot be sustained by evidence of the price which the owner had paid for the stolen property before its theft or by evidence of the price for which he had sold it after the theft." 52A C.J.S., Larceny, § 133 at p. 664 (footnotes omitted).

Except for the testimony of Mrs. Wages that she had worn the ring for nine years and the testimony of the jeweler that the ring was "used", the record is silent as to the condition of the ring at the time of the larceny or at the time it was purchased by Mrs. Wages's husband. The record is also silent as to the circumstances under which Mr. Wages purchased the ring, which occurred at least nine years prior to the theft. It is a matter of common knowledge that the market value of items and articles of personal property can appreciate and depreciate rapidly depending upon a myriad of circumstances.

[1] In the absence of some evidence regarding the condition of Mrs. Wages's ring and the circumstances of its purchase, we are of the opinion that Mrs. Wages's testimony as to the price her husband paid for the ring nine years prior to its theft was totally irrelevant in determining the market value of the ring at the time of the larceny. Moreover, any probative force of such testimony was negated by the positive evidence of the jeweler, a State's witness, that he had appraised the ring at $85.00. Thus, we are of the opinion that the evidence adduced at trial is not sufficient to support the verdict that the defendant received stolen goods having a value in excess of $200.00.

[2] The trial judge correctly instructed the jury that before it could find the defendant guilty of either receiving stolen goods having a value in excess of $200.00 or the lesser included offense of misdemeanor-receiving, it must find that: (1) the ring and watch were stolen by someone other than the defendant; (2) the defendant received the property; (3) the defendant, when he received the property, knew that it was stolen; (4) the defendant received the property with a dishonest purpose; and (5) the property had a value in excess of $200.00, or that if the jury found that the property did not have a value of $200.00 the

jury could find him guilty only of misdemeanor-receiving. Since the only difference between the elements of felonious and nonfelonious receiving of stolen goods in this case is whether the items received by the defendant had a value in excess of $200.00 at the time of the larceny, it is obvious that the jury by its verdict of guilty found all of the facts necessary to support a verdict of misdemeanor-receiving (G.S. 14-72(a)). Because the evidence here is not sufficient to support a finding that the watch and the ring had an aggregate value in excess of $200.00 at the time of the larceny, the verdict must be considered as one finding the defendant guilty of misdemeanor-receiving; and when so considered, we find no prejudicial error in defendant's trial. *State v. Cox,* 281 N.C. 131, 187 S.E. 2d 785 (1972); *State v. Jones,* 275 N.C. 432, 168 S.E. 2d 380 (1969); *State v. Foster,* 268 N.C. 480, 151 S.E. 2d 62 (1966).

Since prison sentence imposed is in excess of that prescribed for a violation of G.S. 14-72(a), the judgment is vacated and the cause is remanded to the superior court for the entry of judgment for misdemeanor-receiving.

Vacated and remanded for judgment.

Chief Judge BROCK and Judge MORRIS concur.