STATE OF NORTH CAROLINA v. ROBERT WHITAKER

No. 7819SC949

(Filed 6 March 1979)

1. **Criminal Law § 117.4— receiving stolen goods—testimony by thief—no instruction to scrutinize testimony**

   In a prosecution for receiving stolen goods, the actual thief was not an accomplice of defendant, and the court properly refused to instruct the jury that it should scrutinize carefully the testimony of the thief, who was a witness for the State.

2. **Receiving Stolen Goods §§ 4, 5.1— value of stolen goods—owner's testimony—qualification—harmless error**

   In a prosecution for receiving stolen guns, defendant was not prejudiced by the owner's testimony that the value of one of the guns was $300.00, and the evidence was sufficient to support submission of the felony count, where an officer testified without objection that defendant had admitted selling the guns in question at a public auction for $350.00.

APPEAL by defendant from *Lupton, Judge.* Judgment entered 30 May 1978 in Superior Court, ROWAN County. Heard in the Court of Appeals on 30 January 1979.

Defendant was charged in a proper indictment with feloniously receiving stolen goods. Upon defendant's plea of not guilty, the State presented evidence tending to show the following:

On 14 September 1976, at about 9:30 a.m., Jeffrey Daniels broke into the home of Eileen Lowder and stole several guns that were in a locked gun cabinet. Between 12:00 and 1:00 p.m. he sold these stolen guns to the defendant, who paid him $100. Daniels told the defendant that the guns were stolen before he sold them to him. At defendant's request, Daniels made out a receipt stating that five guns were sold to Robert Whitaker and signed it using an alias. Defendant took the guns to a public auction where he sold them for $350.

Defendant presented no evidence.

Defendant was found guilty as charged. A judgment was entered imposing a sentence of three years which was suspended and the defendant was placed on probation. Defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Elisha H. Bunting, Jr., for the State.*

*White and Crumpler, by Harrell Powell, Jr., for defendant appellant.*

HEDRICK, Judge.

[1]   Defendant first contends that the trial judge's refusal to give a requested instruction that the jury should scrutinize the testimony of the State's witness Jeffrey Daniels, who stole the goods in question and sold them to defendant, constitutes prejudicial error entitling him to a new trial. Defendant argues that the only evidence that he knew that the goods were stolen was the uncorroborated testimony of Daniels, who was sufficiently "interested in the event" to require the judge to give the requested instruction. Defendant urges this Court to adopt the rule in effect in several jurisdictions, *see* Annot., "Thief as Accomplice of One Charged with Receiving Stolen Property Within Rule Requiring Corroboration or Cautionary Instruction," 53 A.L.R. 2d 817 (1957), that for purposes of requiring a cautionary instruction, the thief should be considered an accomplice of the alleged receiver of stolen goods. For the reasons stated below, we decline defendant's request.

In North Carolina, if a defendant makes a timely request for a cautionary instruction with respect to the testimony of an accomplice, the failure of the trial judge to give such an instruction is error; however, absent a request, the trial judge is not required to give a cautionary instruction. *State v. Hardy*, 293 N.C. 105, 235 S.E. 2d 828 (1977); *State v. White*, 288 N.C. 44, 215 S.E. 2d 557 (1975). In determining whether a person is an "accomplice" North Carolina courts have used the following definition:

> [A]n "accomplice" is a person who knowingly, voluntarily, and with common intent with the principal offender unites with him in the commission of the crime charged, either as a principal, as an aider or abettor, or as an accessory before the

fact. The generally accepted test as to whether a witness is an "accomplice" is whether he himself could have been convicted for the offense charged, either as a principal, or as an aider and abettor, or as an accessory before the fact, and if so, such a witness is an accomplice within the rules relating to accomplice testimony.

*State v. Bailey,* 254 N.C. 380, 387, 119 S.E. 2d 165, 171 (1961). *See also State v. Saults,* 294 N.C. 722, 242 S.E. 2d 801 (1978); *State v. Eakins,* 292 N.C. 445, 233 S.E. 2d 387 (1977); *State v. White, supra.*

In the present case, the trial judge was not required to give the requested instruction. In North Carolina, a person cannot be guilty of both larceny and receiving the same goods. *State v. Meshaw,* 246 N.C. 205, 98 S.E. 2d 13 (1957); *State v. Myers,* 19 N.C. App. 311, 198 S.E. 2d 438 (1973). Thus, one who steals property and one who receives it afterward from him knowing it to have been stolen, are guilty of separate offenses, and neither is the accomplice of the other. This assignment of error has no merit.

[2] Defendant's remaining contentions are that the trial judge erred in not striking the testimony of one of the State's witnesses as to value of the stolen goods and in not dismissing the felony count on the grounds that there was insufficient evidence as to the value of the stolen items to support a felony conviction. The owner of the stolen guns testified on direct that the value of one of the guns was $300. After the owner had given the answer, defendant objected and moved to strike. The trial judge then held a *voir dire* hearing out of the presence of the jury, in which the owner testified that she based her opinion as to the value of the guns on the purchase price paid by her husband eight to ten years earlier, statements made to her by a pawn shop proprietor, and her own opinion. She further testified that her insurance company had paid her $872 for the stolen guns. At the close of the *voir dire* the trial judge reserved ruling on defendant's motion to strike.

In a prosecution for receiving stolen goods, the owner "who has knowledge of value gained from experience, information and observation, may give his opinion of the value of personal proper-

ty;" however, "the approved procedure requires that he first be qualified to give the evidence." *State v. Muse*, 280 N.C. 31, 38, 185 S.E. 2d 214, 219 (1971) [quoting Stansbury, N. C. Evidence § 128, at 300-301 (2d Ed. 1963)]. We do not decide whether the witness had such experience and knowledge as would qualify her to give opinion evidence concerning the value of the property. Even assuming that the witness was not properly qualified, her testimony could not have been prejudicial error since Captain C. M. Grant of the Rowan County Sheriff's Department testified without objection that defendant had admitted selling the guns in question at a public auction for $350. This evidence was also sufficient to overrule defendant's motion to dismiss the felony count and require its submission to the jury. These assignments of error have no merit.

Defendant had a fair trial free from prejudicial error.

No error.

Judges VAUGHN and CLARK concur.