DAVIS, Judge.
Defendant Lola Syemone "Tre" Ardrey was convicted of attempted felony larceny of a motor vehicle, breaking or entering a motor vehicle, and interference with an emergency communication. On appeal, Defendant contends that the trial court erred by (1) denying his motion to dismiss the charge of attempted felony larceny; and (2) failing to instruct the jury on the lesser-included offense of attempted misdemeanor larceny. After a thorough review of the record and applicable law, we vacate in part and remand for further proceedings.
Factual and Procedural Background
On 7 March 2016, an individual named Fen Y, who lived in the Briarcliff Apartments in Charlotte, saw Defendant break into a black 1996 Honda Civic that belonged to one of his neighbors, Thaw Ring. Fen Y called his brother, Tat Ksor - who also lived in the same apartment complex - to report what he had seen.
Ksor approached Defendant, who was seated in the driver's seat of the Honda Civic, and told Defendant that he was going to call the police. Before Ksor could make the call, however, Defendant grabbed Ksor's cell phone from his hand and tried to run away. Defendant was ultimately captured by Ksor's adult son. When police officers arrived, they inspected the Honda Civic and found that the round, metal ring that held the ignition switch onto the steering column had been removed.
On 31 October 2016, a grand jury indicted Defendant on charges of attempted felony larceny of a motor vehicle, breaking or entering a motor vehicle, and interfering with an emergency communication. He was later charged with the additional offense of assault with a deadly weapon. A jury trial was held in Mecklenburg County Superior Court beginning on 5 September 2017 before the Honorable Eric L. Levinson. The State called nine witnesses, including Ring, Ksor, Fen Y, several officers who had investigated the crime, and a number of additional persons who lived in the neighborhood. At the close of the State's evidence and again at the close of all the evidence, Defendant moved to dismiss all charges for insufficiency of the evidence. The trial court denied both motions. Defendant did not offer any evidence.
On 7 September 2012, Defendant was convicted of attempted felony larceny of a motor vehicle, breaking or entering a motor vehicle, and interference with an emergency communication. He was acquitted of the charge of assault with a deadly weapon. The trial court sentenced him to two consecutive terms of five to fifteen months of imprisonment for the attempted larceny and breaking or entering charges. These sentences were suspended, however, upon the condition that Defendant complete 22 months of probation. In addition, for the conviction of interfering with an emergency communication, Defendant was sentenced to two months' imprisonment. Defendant gave timely notice of appeal to this Court.
Analysis
"A trial court's denial of a defendant's motion to dismiss is reviewed de novo ." State v. Watkins , 247 N.C. App. 391, 394, 785 S.E.2d 175, 177 (citation omitted), disc. review denied , 369 N.C. 40, 792 S.E.2d 508 (2016). On appeal, this Court must determine "whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator[.]" State v. Fritsch , 351 N.C. 373, 378, 526 S.E.2d 451, 455 (citation omitted), cert. denied , 531 U.S. 890, 148 L.Ed. 2d 150 (2000).
Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Smith , 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980) (citation omitted). Evidence must be viewed in the light most favorable to the State with every reasonable inference drawn in the State's favor. State v. Rose , 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), cert. denied , 515 U.S. 1135, 132 L.Ed. 2d 818 (1995). "Contradictions and discrepancies are for the jury to resolve and do not warrant dismissal." Smith , 300 N.C. at 78, 265 S.E.2d at 169 (citation omitted). "The defendant's evidence, unless favorable to the State, is not to be taken into consideration. However, if the defendant's evidence is consistent with the State's evidence, then the defendant's evidence may be used to explain or clarify that offered by the State." State v. Nabors , 365 N.C. 306, 312, 718 S.E.2d 623, 627 (2011) (internal citation and quotation marks omitted).
The essential elements of attempted larceny are: (1) An intent to take and carry away the property of another; (2) without the owner's consent; (3) with the intent to deprive the owner of his or her property permanently; (4) an overt act done for the purpose of completing the larceny, going beyond mere preparation; and (5) falling short of the completed offense.
State v. Weaver , 123 N.C. App. 276, 287, 473 S.E.2d 362, 369, cert. denied , 344 N.C. 636, 477 S.E.2d 53 (1996).
One of the ways that attempted misdemeanor larceny is elevated to attempted felony larceny is if the defendant intends to steal property valued in excess of $ 1,000. See N.C. Gen. Stat. § 14-72(a) (2017) ("Larceny of goods of the value of more than one thousand dollars ($ 1,000) is a Class H felony.").
The sole argument Defendant makes on appeal with regard to the trial court's denial of his motion to dismiss the attempted felony larceny charge is that the State failed to offer sufficient evidence that the Honda Civic had a fair market value of over $ 1,000 at the time of the crime. For the reasons set out below, we conclude that the State did not meet its burden of establishing that Defendant intended to steal a vehicle valued in excess of $ 1,000.
As an initial matter, the State failed to offer any evidence that would have allowed the jury to infer that Defendant believed the value of the Honda Civic to be in excess of $ 1,000. Moreover, even assuming arguendo - as the parties do - that the key issue is instead whether the State presented sufficient evidence that the actual value of the vehicle on the date of the theft exceeded $ 1,000, the State's evidence was also inadequate.
It is well established in this context that value "means fair market value. Stolen property's fair market value is the item's reasonable selling price at the time and place of the theft, and in the condition in which it was when stolen." State v. Redman , 224 N.C. App. 363, 366, 736 S.E.2d 545, 549 (2012) (internal citations, quotation marks, and brackets omitted). "The State is not required to produce direct evidence of value to support the conclusion that the stolen property was worth over $ 1,000.00, provided that the jury is not left to speculate as to the value of the item." State v. Davis , 198 N.C. App. 146, 151-52, 678 S.E.2d 709, 714 (2009) (citation, quotation marks, and ellipsis omitted).
The owner of stolen property "who has knowledge of value gained from experience, information and observation, may give his opinion of the value of personal property." State v. Whitaker , 40 N.C. App. 251, 253-54, 252 S.E.2d 242, 244 (1979). It is clear, however, that testimony merely establishing the price the owner paid for the property at the time he purchased it is not by itself sufficient to show the value of the property on the date of the crime. See State v. Shaw , 26 N.C. App. 154, 158, 215 S.E.2d 390, 393 (1975) (holding that without evidence of condition of stolen property or circumstances of purchase, testimony about property's purchase price was "totally irrelevant" in determining its market value at the time of the crime). This is so because "[i]t is a matter of common knowledge that the market value of items and articles of personal property can appreciate and depreciate rapidly depending upon a myriad of circumstances." Id . Thus, the State must offer additional evidence on this issue that would allow the jurors to "exercise their own reason, common sense and knowledge" in making a determination as to the property's value at the time of the crime. State v. Edmondson , 70 N.C. App. 426, 430, 320 S.E.2d 315, 318 (1984).[1]
Here, the evidence at trial regarding the value of the Honda Civic included (1) testimony from Ring; (2) testimony from Officer Stephanie Gilyard, who collected evidence from the car; and (3) several photographs of the vehicle. Ring testified that he did not remember the exact purchase price of the vehicle but that he had paid "a thousand, a thousand 700, a thousand 800" for the car. He also stated that he had not driven the Honda Civic for one to two months prior to the date of the crime because he had purchased a new car. Ring testified that prior to the purchase of this new vehicle the Honda Civic was operational and that he had driven it on a daily basis.
Officer Gilyard explained to the jury her efforts to collect evidence from the Honda Civic. She testified that because of the worn condition of the car there were no "suitable areas to process for fingerprints." She stated that "[t]he exterior was weathered so the paint was already worn, there w[ere] scratches all over the handle and the door, all four doors." She also added that "the ignition had a lot of scratches on it" and "the steering wheel itself was worn as well."
The testimony of Ring and Officer Gilyard was clearly insufficient - without more - to show that the value of the Honda Civic exceeded $ 1,000 on the date of the attempted theft. While Ring testified as to the approximate purchase price he paid for the vehicle, such testimony, as discussed above, is not sufficient evidence to establish its fair market value at the time of the attempted larceny as it does not take into consideration whether the car had depreciated in value since purchase. Nor did Officer Gilyard's testimony about the significant wear and tear to the Honda Civic assist the State in establishing that the vehicle was worth more than $ 1,000. Therefore, the primary question in this appeal is whether the photographs of the car offered into evidence by the State were sufficient under these circumstances to raise a jury issue as to whether the fair market value of the car on the relevant date was in excess of $ 1,000.
In some circumstances, photographs of stolen property can satisfy the State's burden on this issue. See Edmondson , 70 N.C. App. at 430, 320 S.E.2d at 318 (photographs showing "extensive damage" to "ransacked offices" were, when considered with other evidence, sufficient to withstand defendant's "motions to dismiss the charge of wilful and wanton damage to ... desks, drawers, and cabinets in excess of $ 200" because "the jury was free to exercise their own reason, common sense and knowledge acquired by their observation and experiences of everyday life").
In other cases, however, a photograph is not enough. For example, in State v. Holland , 318 N.C. 602, 350 S.E.2d 56 (1986), overturned on other grounds , State v. Childress , 321 N.C. 226, 362 S.E.2d 263 (1987), our Supreme Court held that the State had not presented sufficient evidence to establish that the value of a stolen 1975 Chrysler Cordoba was greater than $ 400 - the statutory minimum value at that time. Evidence was presented at trial that the Cordoba was the defendant's favorite vehicle "of which he took especially good care, always keeping it parked under a shed," and a picture of the vehicle was shown to the jury. Id. at 610, 350 S.E.2d at 61. Nevertheless, despite the ability of the jury to consider the photograph, the Supreme Court held that the "substantiality of the evidence [was] insufficient for presentation of the issue of value to the jury. The jury may not speculate as to the value." Id.
Here, we believe that the photographs of the Honda Civic were also inadequate to show that the vehicle's fair market value exceeded the applicable statutory amount. Even considering the photographs in conjunction with Ring's testimony as to the purchase price, a reasonable juror would not have been able to make the necessary determination as to whether the car's value on the relevant date exceeded $ 1,000 based upon this evidence. Unlike in Edmondson, where jurors could use their own common sense to assign a value of more than $ 200 based upon photographs of "extensive damage" to office furniture, a juror here would have needed specialized knowledge of automobiles to determine whether the fair market value of a 20-year-old Honda Civic was greater than $ 1,000. Absent such specialized knowledge, jurors would have been left to engage in pure speculation as to the fair market value of the vehicle at the time of the attempted theft. Because a verdict cannot rest upon mere conjecture, the State's evidence was insufficient to overcome Defendant's motion to dismiss.
Therefore, we conclude that the State failed to meet its burden of proving that Defendant intended to steal property with a fair market value exceeding $ 1,000 on the date of the crime and that the trial court thereafter erred in denying Defendant's motion to dismiss the charge of attempted felony larceny. However, because the jury did find Defendant guilty of attempted larceny, it is appropriate for us to remand this matter to the trial court for entry of judgment on the lesser included offense of attempted misdemeanor larceny and for resentencing. See State v. Parker , 146 N.C. App. 715, 718, 555 S.E.2d 609, 611 (2001) (vacating conviction for felonious possession of stolen property and remanding for entry of judgment on lesser-included misdemeanor offense where the State failed to provide sufficient evidence as to value of stolen property).[2]
Conclusion
For the reasons stated above, we vacate Defendant's conviction of attempted felony larceny and remand for entry of judgment on the offense of attempted misdemeanor larceny and for resentencing.[3]
VACATED IN PART AND REMANDED WITH INSTRUCTIONS.
Report per Rule 30(e).
Judge HUNTER, JR. concurs.
Judge BERGER dissenting in separate opinion.
BERGER, Judge, dissenting in separate opinion.
Because I would find that the trial court did not err, I respectfully dissent.
First, I disagree with the majority's assertion that the State was required to present evidence that Defendant believed the property he attempted to steal was in excess of $ 1,000.00. Defendant's subjective state of mind as to value is not relevant.
In addition, the evidence was sufficient for the jury to infer that the value of the Honda Civic was in excess of $ 1,000.00. Value in this context "means fair market value. Stolen property's fair market value is the item's reasonable selling price at the time and place of the theft, and in the condition in which it was when stolen." State v. Redman , 224 N.C. App. 363, 366, 736 S.E.2d 545, 549 (2012) (purgandum[4] ). "The State is not required to produce direct evidence of value to support the conclusion that the stolen property was worth over $ 1,000.00, provided that the jury is not left to speculate as to the value of the item." State v. Fish , 229 N.C. App. 584, 587, 748 S.E.2d 65, 68 (2013) (purgandum ).
"It is not necessary that a witness be an expert in order to give his opinion as to value. A witness who has knowledge of value gained from experience, information and observation may give his opinion of the value of specific real property, personal property, or services." Redman , 224 N.C. App. at 366, 736 S.E.2d at 549 (citation and quotation marks omitted). "This Court has previously held that an owner's testimony as to the value of his property is competent evidence to be considered by the jury." Id. at 367, 736 S.E.2d at 549 (citation and quotation marks omitted).
Here, the State admitted photographs of the black Honda Civic into evidence. Although Ring was unable to recall its exact purchase price, he testified that he drove the Honda Civic daily and purchased it for "a thousand, a thousand 700, a thousand 800." Certainly additional testimony from Ring would have been helpful in establishing a specific value. However, when viewed in the light most favorable to the State, there was substantial evidence from which the jury could conclude that the value of the Honda Civic exceeded $ 1,000.00.

We note that at trial there was no testimony as to the date the Honda Civic was purchased by Ring or the specific condition of the vehicle at that time. Cf. State v. Dickerson , 20 N.C. App. 169, 170-71, 201 S.E.2d 69, 70 (1973) (State's evidence was sufficient to support jury finding that stolen vehicle had value greater than statutory minimum of $ 200 where "[t]here was evidence that only a few months previously the owner had purchased it for $ 1,800.00, and nothing in the evidence even suggest[ed] any reason to suppose that such extraordinary and rapid depreciation could have occurred as to reduce its fair market value to $ 200.00 or less during the relatively short time intervening between its purchase and the date it was stolen").

In light of our holding, we need not address the additional argument raised by Defendant on appeal.

Our ruling does not affect the additional offenses for which Defendant was convicted, and those convictions remain undisturbed.

Our shortening of the Latin phrase "Lex purgandum est. " This phrase, which roughly translates "that which is superfluous must be removed from the law," was used by Dr. Martin Luther during the Heidelberg Disputation on April 26, 1518 in which Dr. Luther elaborated on his theology of sovereign grace. Here, we use purgandum to simply mean that there has been the removal of superfluous items, such as quotation marks, ellipses, brackets, citations, and the like, for ease of reading.